781 F.2d 526
 MIDLAND INSURANCE COMPANY, Petitioner,
v.
Charles ADAM, Claimant-Respondent,
Continental Insurance Company; Director, Office of Workers'
Compensation Programs, United States Department of
Labor; Benefits Review Board, Respondents.
 No. 83-3900.
 United States Court of Appeals,
Sixth Circuit.
 Nov. 6, 1985.
 
 Marlin F. Scholl, argued, Scholl, Robinson & Stieg, Detroit, Mich., for petitioner.
 Benefits Review Bd., U.S. Dept. of Labor, Marianne Demetral Smith, argued, Office of Solicitor, U.S. Dept. of Labor, Washington, D.C., James A. Kandrevas, Southgate, Mich., Donald G. Ducey, Conklin, Benham, McLeod, Ducey & Ottaway, P.C., Detroit, Mich., Thomas P. Chuhran, Martin Critchell, argued, for respondents.
 Charles Adams, pro se.
 Before KRUPANSKY and MILBURN, Circuit Judges, and EDWARDS, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal arises from a claim for benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 et seq. Petitioner Midland Insurance Company ("Midland") seeks a review and reversal of an order entered by the Benefits Review Board ("Board") determining that Midland, rather than respondent Continental Insurance Company ("Continental"), is the responsible insurance carrier for claimant's permanent partial disability. Also pending before the court is a motion of the Director, Office of Workers' Compensation Programs, United States Department of Labor ("Director"), to dismiss Midland's petition for review upon the ground that this court lacks jurisdiction to hear this appeal. Aside from the motion to dismiss, the only other issue is: as between Midland and Continental, which company is the responsible carrier for claimant's permanent partial disability.
 
 
 2
 On February 10, 1975, claimant Charles Adam sustained a back injury in the course of his employment as a machinist for Nicholson Terminal and Dock Company ("Nicholson"). Adam began losing time from his work on June 18, 1975, and thereafter he underwent two lumbar laminectomies, one in July of 1975 and the other in June of 1976 to the L4-5 interspace, due to recurrence of his back pain. Nicholson was insured by Continental until July 1, 1975, and by Midland thereafter.
 
 
 3
 Claimant Adam returned to work for Nicholson on November 8, 1977. On February 20, 1978, while working in the Nicholson machine shop, Adam reported pain in his lower back while "pulling on wrenches." Following this incident, claimant was off work continuously until June 13, 1978, when he returned to light work for Nicholson.
 
 
 4
 A formal hearing on the claim was held before an ALJ who found that the claimant was permanently partially disabled, and that the February 20, 1978, incident was an "aggravation" resulting in Midland's sole liability. Accordingly, Continental was assessed liability for compensation of claimant's permanent partial disability from October 12, 1977, until February 20, 1978; and Midland was assessed liability from June 13, 1978. (Midland paid temporary total disability compensation from February 21, 1978, to June 12, 1978, and did not contest its liability for this period.)
 
 
 5
 Midland and claimant both appealed the ALJ's decision to the Board, claimant insisting that he was totally disabled. On December 31, 1981, the Board entered a two-to-one decision and order upholding the ALJ's determination that the claimant was permanently partially disabled and that Midland was responsible for compensation for permanent partial disability from June 13, 1978. The Board vacated and remanded for further proceedings that portion of the ALJ's decision concerning the extent of claimant's permanent partial disability.
 
 
 6
 Thereafter, the Director filed a petition for review from the December 31, 1981, order. A panel of this court dismissed the petition by order entered August 2, 1982, finding that the December 31, 1981, order was not a final and reviewable order because part of the case had been vacated and remanded by the Board for further proceedings.
 
 
 7
 On remand, the ALJ entered a decision by order filed October 27, 1983. No party appealed that order to the Board within the thirty (30) day period provided by 33 U.S.C. Sec. 921; 20 C.F.R. 802.205(a). However, within sixty (60) days after the ALJ's October, 1983, decision, Midland filed a petition to review the Board's December 31, 1981, order, seeking an order directing Continental to reimburse it for all amounts paid to claimant for permanent partial disability and medical care following June 12, 1978, and that Continental be solely responsible for claimant's permanent partial disability compensation benefits.
 
 
 8
 In his motion to dismiss, the Director insists that there was no final order of the Board and, therefore, this court lacks jurisdiction. On the other hand, Midland insists that the failure of any party to appeal the October 27, 1983, decision made the December 31, 1981, decision a final order.
 
 
 9
 We disagree. Section 21(c) of the Longshoremen's Act, 33 U.S.C. Sec. 921(c), under which the appeal was brought provides in relevant part:[a]ny person adversely affected or aggrieved by a final order of the [Benefits Review] Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. (Emphasis supplied)
 
 
 10
 As Midland failed to file a petition for review to the Board of the ALJ's Order of October 7, 1983, the administrative proceedings have not resulted in "a final order of the Board." Rather, such proceedings ended when no appeal was filed with the Board following the ALJ's decision on remand. Moreover, in Blevins v. Director, OWCP, United States Department of Labor, 683 F.2d 139 (6th Cir.1982), we held that a final order of the Board is a prerequisite for this court to obtain jurisdiction. See also Sun Shipbuilding and Dry Dock Company v. Benefits Review Board, 535 F.2d 758 (3d Cir.1976). Accordingly, as there is no "final order of the Board" that would permit review by this court under 33 U.S.C. Sec. 921(c), the motion is sustained, and this appeal is DISMISSED.