Betty JONES, Petitioner,
Cross–Petitioner,

v.

ILLINOIS CENTRAL GULF
RAILROAD, Respondent,
Cross–Petitioner,

and

Director, Office of Workers' Compensa-
tion Programs, United States
Department of Labor, Respondent.

Nos. 87–1432, 87–1511.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 12, 1988.

Decided May 6, 1988.

Howard B. Eisenberg, Carbondale, Ill., for petitioner.

Richard Zorn, Landrum, Shouse & Patterson, Lexington, Ky., for respondent.

Before WOOD, Jr., and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

Petitioner Betty Jones seeks review of an order of the Benefits Review Board (BRB) dismissing her appeal from the decision and order of an administrative law judge (ALJ) denying her survivor benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–945.[1]

---

1. As we observed in *Director, OWCP v. Peabody Coal Company and Earl Sisk*, 837 F.2d 295 (7th Cir.1988), the procedures for processing benefit claims under the Black Lung Benefits Act are compactly stated in *Director, OWCP v. Drummond Coal Co.*, 831 F.2d 240, 241 (11th Cir. 1987).

The Black Lung Benefits Act provides that black lung claims are to be processed by the Secretary of Labor in accordance with procedural provisions of the Longshore[men's] and Harbor Workers' Compensation Act ("Longshore Act"). 30 U.S.C. § 932(a). Section 19 of the Longshore Act, 33 U.S.C. § 919, prescribes the basic claims procedure: claims are filed with a deputy commissioner who notifies all interested parties, investigates the claim, and orders a hearing at the request of an interested party. 33 U.S.C. §§ 919(a)–919(c). Hearings are then held before an administrative law judge ("ALJ"), pursuant to the procedural requirements of the Administrative Procedure[ ] Act. 33 U.S.C. § 919(d). Section 21 of the Longshore Act establishes the procedure for review and enforcement of compensation orders outlining the jurisdiction and role of the Benefits Review Board, which hears appeals from determinations made by administrative law judges, and of the courts of appeal which may hear petitions for review of final decisions of the Benefits Review Board. 33 U.S.C. § 922 and 20 C.F.R. § 725.310.

## I

The ALJ's decision and order denying benefits was dated September 16, 1986. On September 26, 1986 Jones, through her attorney, filed a notice of appeal with the BRB. On October 10, 1986 Jones' attorney submitted to the ALJ a request for reconsideration of his September 16, 1986 decision and order. At this point Mrs. Jones' attorney withdrew from the case.

On October 31, 1986 the ALJ denied petitioner's request for reconsideration. On January 30, 1987 the BRB issued an order denying Mrs. Jones' September 26, 1986 appeal of the ALJ's order as premature. The Board cited as the basis for its action § 802.205A(e) of its Rules and Procedures. 20 C.F.R. § 802.205A(e). Section 802.205A is entitled "Effect of motion for reconsideration on time for appeal" and reads in its relevant sub-sections as follows:

(a) A timely motion for reconsideration of a decision or order of an administrative law judge ... shall suspend the running of the time for filing a notice of appeal.

(b)(2) In a case involving a claim filed under title IV of the Federal Mine Safety and Health Act, as amended ..., a timely motion for reconsideration for purposes of paragraph (a) of this section is one which is filed not later than 30 days from the date the decision or order was served on all parties by the administrative law judge and considered filed in the office of the deputy commissioner....

(d) If a motion for reconsideration is denied, the full time for filing an appeal commences on the date the order denying reconsideration is filed [ ].

(e) If a timely motion for reconsideration of a decision or order of an administrative law judge ... is filed, any appeal to the Board, whether filed prior to or subsequent to the filing of the timely motion for reconsideration, shall be denied as premature. Following final action by the administrative law judge ..., a new notice of appeal shall be filed with the Clerk of the Board by any party who wishes to appeal.

Petitioner does not claim that § 802.205A was improperly promulgated or that it fails to provide adequate notice of the Board's position as to the effect a motion for reconsideration would have upon a previously-filed appeal of an ALJ's decision and order. In the same manner, there is no dispute that petitioner's September 26, 1987 submission to the Board, styled a "request for reconsideration," was a motion for reconsideration as contemplated by § 802.205A. Rather, the crux of Jones' claim on petition for review is the assertion that § 802.205A improperly modifies the thirty-day period for appeal of a compensation order to the BRB set by 33 U.S.C. § 921(a), as incorporated by the Black Lung Benefits Act, 30 U.S.C. § 931(a). Jones reasons that once a timely appeal of an ALJ's order has been filed with the BRB, the Board cannot be permitted to invalidate that appeal by application of § 802.205A.

## II

Section 802.205A is a procedural rule concerned with the manner in which the BRB processes appeals from decisions or orders granting or denying claims for compensation or benefits under the several Acts for which it is assigned responsibility. 20 C.F.R. § 802.201(b). The Board is expressly granted authority to issue rules and regulations of this type by 33 U.S.C. § 939(a) and 30 U.S.C. § 936. "When an agency exercises authority expressly delegated to it by Congress it is at the zenith of its powers." *American Trucking Associations v. United States,* 627 F.2d 1313, 1320 (D.C.Cir.1980). *See also American Transfer & Storage v. ICC,* 719 F.2d 1283, 1298 (5th Cir.1983). It is well established that in such circumstances "administrative agencies 'should be free to fashion their own rules of procedure and to pursue methods of inquiry capable of permitting them to discharge their multitudinous duties.'" *FCC v. Schreiber,* 381 U.S. 279, 290, 85 S.Ct. 1459, 1467, 14 L.Ed.2d 383 (1965) (quoting *FCC v. Pottsville Broadcasting Co.,* 309 U.S. 134, 143, 60 S.Ct. 437, 441, 84 L.Ed. 656 (1940)). *See also Vermont Yankee Nuclear Power Corp. v. Natural Resources Defense Council, Inc.,*

435 U.S. 519, 543, 98 S.Ct. 1197, 1211, 55 L.Ed.2d 460 (1978).

The Supreme Court has consistently cautioned reviewing courts "against engrafting their own notions of proper procedures upon agencies entrusted with substantive functions by Congress." *Vermont Yankee Nuclear Power Corp.*, 435 U.S. at 525, 98 S.Ct. at 1202. *See also Illinois Psychological Association v. Falk*, 818 F.2d 1337, 1343 (7th Cir.1987); *Climax Molybdenum Company, A Division of Amax Inc. v. Secretary of Labor, Mine Safety and Health Administration*, 703 F.2d 447, 451 (10th Cir.1983). Instead, where, as here, an administrative agency is empowered to make the rules and regulations necessary to carry out the provisions of the statutes it is charged with implementing, "the validity of [the] regulation will be sustained so long as it is 'reasonably related to the purposes of the enabling legislation.'" *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 369, 93 S.Ct. 1652, 1660–61, 36 L.Ed.2d 318 (1973) (quoting *Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 280–81, 89 S.Ct. 518, 525, 21 L.Ed.2d 474 (1969)).

The scope of this review is narrow. *American Transfer & Storage*, 719 F.2d at 1298. *See also American Trucking Association*, 627 F.2d at 1320–21 (stating that when an agency promulgates regulations pursuant to an express grant of authority from Congress, those regulations are entitled to more than mere deference or weight). Our task is to determine whether § 802.205A is consistent with the statutes authorizing its promulgation and the Constitution. *See United States v. Larionoff*, 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977); *Schreiber*, 381 U.S. at 290–91, 85 S.Ct. at 1468; *FTC v. Anderson*, 631 F.2d 741, 746 (D.C.Cir.1979). We can

properly set the regulation aside only if we determine it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). *See American Trucking Association*, 627 F.2d at 1320–21.

### III

Petitioner's contention that § 805.205A is invalid because it conflicts with 33 U.S.C. § 921(a) rests on her interpretation of § 704 of the Administrative Procedure Act (APA), 5 U.S.C. § 704.[2] She reads § 704 of the APA as establishing that a motion for reconsideration does not affect the finality of an agency action for purposes of review unless the statute under the which the challenged administrative agency action transpired expressly so provides. 33 U.S.C. § 921(a) does not expressly provide for motions for reconsideration and says nothing about their effect on the reviewability of an ALJ's compensation order. Therefore, Jones reasons that because the operation of § 802.205A in her case had the effect of mooting a timely-filed appeal to the BRB, the regulation must be deemed to conflict with the controlling statute and therefore is invalid.

Petitioner's reliance on § 704 of the APA is misplaced. That provision does not concern appeals of the type at issue here. It speaks only to judicial review of "[a]gency action made reviewable [by the appropriate federal court of appeals] by statute and final agency action." 5 U.S.C. § 704. The September 16, 1986 compensation order of the ALJ was neither an agency action made subject to judicial review by statute, nor a final agency action. The ALJ's order was subject to review only by the BRB. *See Midland Insurance Company v. Adam*, 781 F.2d 526, 527–28 (6th Cir.1985).

---

**2.** Section 704 of the Administrative Procedure Act states:

Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action. *Except as otherwise expressly required by statute, agency*

*action otherwise final is final for the purposes of this section whether or not there has been presented or determined an application* for a declaratory order, or *for any form of reconsideration,* or, unless the agency otherwise requires by rule and provides that the action meanwhile is inoperative, for an appeal to superior agency authority.

(Emphasis added). Petitioner relies on the portions of § 704 emphasized above.

The final agency action with regard to Jones' claim for benefits was the January 30, 1987 order of the Board. Given the clear thrust and purpose of § 704 of the APA we must reject Petitioner's reliance on it in her effort to establish a *de facto* rule that an administrative agency is permitted to utilize the motion for reconsideration procedural device only if its enabling statute expressly authorizes it to do so. We have no reason to believe that such was the intent of Congress in enacting § 704 of the APA and we therefore decline to give it that effect here.

Having determined that the silence of § 921(a) with regard to motions for reconsideration does not *per se* invalidate § 802.205A of the BRB's regulations, we must still ascertain if that rule otherwise conflicts with the statute or if its promulgation was arbitrary, capricious or an abuse of discretion by the Board. Section 921(a) establishes that the compensation order issued by an ALJ or the deputy commissioner becomes final, and determinative of a claim for benefits, if it is not appealed to the BRB within thirty days of its filing in the office of the deputy commissioner.

When a party elects to seek reconsideration of a compensation order by the ALJ who issued it, there is always a possibility that the order complained of will be modified or changed in a way that will either render review by the BRB unnecessary or, on review, present the Board with a decision and/or supporting rationale different than that reflected in the original order. *See American Farm Lines v. Black Ball Freight Service*, 397 U.S. 532, 541, 90 S.Ct. 1288, 1293, 25 L.Ed.2d 547; *Outland v. Civil Aeronautics Board*, 284 F.2d 224, 227 (D.C.Cir.1960). It is therefore reasonable to refrain from characterizing the original order of the ALJ as his/her final action, and therefore a proper subject for BRB review, until the motion for reconsideration has been disposed of by the ALJ. *See Outland*, 284 F.2d at 227 (citing *Braniff Airways, Inc. v. Civil Aeronautics Board*, 147 F.2d 152 (D.C.Cir.1945)).

By promulgating § 802.205A the BRB made clear that the filing of a motion for reconsideration of the order (decision) of an ALJ would suspend the running of the statutory thirty-day period for appealing that order. The regulation acknowledges that because the ALJ's original order is subject to change once a motion for reconsideration has been filed, review of that decision might prove futile. Accordingly, the thirty-day period for appeal of the compensation order set by § 921(a) is recycled and is deemed to have commenced running only upon a decision by the ALJ that addresses the motion for reconsideration.

The thirty-day period for appeal of the ALJ's compensation order is fully preserved by § 802.205A. In operation, the regulation does no more than delay the running of the statutorily-specified period for appealing a compensation order until there is no longer any possibility that the order will be modified. The only appeal it moots is one that challenges a compensation order that is subject to further action by the ALJ. Thus interpreted, § 802.205A cannot be said to conflict with § 921(a) of the Longshoremen's and Harbor Workers' Compensation Act as incorporated by 30 U.S.C. § 932(a).[3]

The obvious purpose of § 802.205A is the avoidance of unnecessary steps in the process of appealing the compensation orders of the ALJ's who, along with the deputy commissioner, are assigned responsibility for deciding claims for benefits under 33

---

**3.** Our research reveals no case law in our circuit or elsewhere in the other circuits that deals directly with the question of whether 20 C.F.R. § 802.205A is consistent with 33 U.S.C. § 921(a). However, we note that the holding above is consistent with this Court's earlier decision in *Arch Mineral Corporation v. Director, OWCP,* 798 F.2d 215 (7th Cir.1986) concerning the effect of a motion for reconsideration on the running of the § 921(c) sixty-day period for petitioning for appellate court review of a decision of the Benefits Review Board. Finding both the statute and the relevant Benefits Review Board regulations to be silent on this point, we adopted the view of the "clear majority" of cases in such circumstances that the filing of a motion for reconsideration suspends the time for filing a petition for review of an administrative agency decision. *Id.,* at 218–19.

U.S.C. § 921.[4] The considerations of administrative and adjudicative economy served by the rule are obvious. Practical considerations justify the deferral of BRB review until the motion for reconsideration has been addressed by the ALJ who issued the initial compensation order. Accordingly, we cannot say that the Board's decision to promulgate a rule making clear that a motion for reconsideration would have that effect was an arbitrary or capricious action, or an abuse of discretion.

In light of the foregoing, we are obliged to conclude that § 802.205A is a valid and enforceable regulation. The BRB properly interpreted that regulation in denying Mrs. Jones' September 26, 1986 appeal as premature because she had subsequently filed a timely motion for reconsideration with the ALJ on October 10, 1986. Because Mrs. Jones did not file a new notice of appeal with the BRB following the ALJ's October 31, 1986 order denying her motion for reconsideration, that order became final and dispositive of her claim thirty days after it was filed in the office of the deputy commissioner. 33 U.S.C. § 921(a); 20 C.F.R. § 802.205A(e). Accordingly, Jones' petition for review of the BRB's dismissal of her claim for survivor benefits under the Black Lung Benefits Act can only be rejected.

### IV

The petition for review is denied.

---

4. Thus, for example in the absence of a regulation like § 802.205A, the parties to a claim for benefits would be required to go through the futile exercise of filing protective petitions for Board review even though a second round of petitions for review would be necessary following the ALJ's decision on the motion for reconsideration. *See Outland v. Civil Aeronautics Board,* 284 F.2d 224, 227–28 (D.C.Cir.1960).