881 F.2d 157
 TIDELAND WELDING SERVICE and Liberty Mutual Insurance Co., Petitioners,
v.
Walter SAWYER, Glynn Rhodes and Director, Office of Workers
Compensation Programs, U.S. Dept. of Labor, Respondents.
 No. 88-4280.
 United States Court of Appeals,
Fifth Circuit.
 Aug. 24, 1989.
Rehearing and Rehearing En Banc Denied Sept. 18, 1989.
 
 Kevin R. Tully, Robert E. Peyton, Christovich & Kearney, New Orleans, for petitioners.
 Lawrence A. Arcell, Barker, Boudreaux, Lamy & Foley, New Orleans, Joshua T. Gillelan, II, Washington D.C., for respondents.
 Linda M. Meekins, Clerk, BRB, Dept. of Labor, Washington, D.C., for other interested parties.
 Petition For Review of Orders of the Benefits Review Board.
 Before THORNBERRY, WILLIAMS, and DAVIS, Circuit Judges.
 THORNBERRY, Circuit Judge:
 
 
 1
 The petitioners Tideland Welding Service ("Tideland") and Liberty Mutual Insurance Company ("Liberty Mutual") appeal a Benefits Review Board ("the Board") finding that the respondents Walter Sawyer ("Sawyer") and Glynn Rhodes ("Rhodes") were entitled to compensation under the Longshore and Harbor Workers' Compensation Act (LHWCA).
 
 
 2
 In 1980, Tideland employed Sawyer and Rhodes as welders assigned to the McDermott Shipyard in Morgan City, Louisiana. On June 21, 1980, Tideland excused the respondents from work early due to heavy rain. While travelling in the same car on U.S. 90, the respondents were injured in a collision, which occurred just under two miles from where they worked.
 
 
 3
 Sawyer and Rhodes sought compensation pursuant to the LHWCA. The Deputy Commissioner of the Department of Labor denied their claims. An Administrative Law Judge ("the ALJ") later held a full hearing and, in December 1982, found that the place where the accident occurred did not constitute a maritime situs and that the respondents were not in the course of their employment at the time of the accident. Sawyer and Rhodes appealed the ALJ's decision to the Board. In May 1984, the Board reversed the ALJ, finding that the accident occurred on a covered situs and that the respondents were in the course of their employment. The Board remanded the case to the ALJ to determine the measure of compensation to which the respondents were entitled.
 
 
 4
 Tideland and Liberty Mutual[1] then appealed the Board's decision to this court. We held that the Board's decision was not a final order subject to appellate review.
 
 
 5
 On November 25, 1986, on remand, the ALJ ruled that Sawyer was entitled to weekly benefits of $376.00 per week and that Rhodes was entitled to benefits of $270.00 per week. Because Liberty Mutual had not paid anything to the respondents since 1983, the ALJ ordered Liberty Mutual to pay Sawyer $100,000 and Rhodes $30,000 by December 6, 1986. These awards represented accrued unpaid periodic compensation.
 
 
 6
 In early December 1986, Liberty Mutual petitioned the Board to stay the payment of the award. The Board construed the motion as a notice of appeal from the ALJ's November 25, 1986 order and on December 8, 1986 denied the request for a stay.
 
 
 7
 Between the time Liberty Mutual sent its motion for a stay to the Board and the time the Board acted on the motion, Liberty Mutual filed a motion for an Emergency Stay and a Petition for Review with the Fifth Circuit on the grounds that the ALJ's decision violated the company's due process rights by depriving it of property without a hearing before an Article III court. We granted the Motion for an Emergency Stay, but, later vacated the stay because the Board had not yet issued a final order.
 
 
 8
 In the meantime, the respondents contested the ALJ's award as inadequate. They initially filed a motion for reconsideration of the award on December 5, 1986, but later withdrew the motion and appealed to the Board on January 6, 1987. The ALJ granted the motion to withdraw on January 13, 1987. In April 1987, the Board dismissed the respondents' appeal as untimely.
 
 
 9
 The Director of the Office of Workers' Compensation Programs of the Department of Labor ("the Director of the OWCP") then filed a motion for reconsideration with the Board, urging that both the respondents' and Liberty Mutual's notices of appeal were premature. The Board denied the Director of the OWCP's motion and after reviewing Liberty Mutual's appeal affirmed the ALJ's award.
 
 
 10
 The Director of the OWCP renews his earlier contention that Liberty Mutual's notice of appeal was premature and, accordingly, that the Board should have dismissed the appeal. If the Board erred in hearing Liberty Mutual's appeal, we do not have jurisdiction to review the case. To aid in the review of this issue, we have recited the operative dates:
 
 
 11
 11/25/86 the ALJ entered a judgment ordering Liberty Mutual to pay the respondents $130,000
 
 
 12
 12/3/86 Liberty Mutual filed a motion for a stay with the Board
 
 
 13
 12/5/86 the respondents filed a motion for reconsideration with the ALJ
 
 
 14
 12/8/86 the Board denied Liberty Mutual's motion for a stay and stated it would consider the motion a notice of appeal
 
 
 15
 12/15/86 the respondents filed a motion to withdraw their motion for reconsideration
 
 
 16
 1/6/87 the respondents filed a notice of appeal
 
 
 17
 1/13/87 the ALJ granted the respondents' motion to withdraw their motion for reconsideration
 
 
 18
 4/22/87 the Board dismissed the respondents' appeal
 
 
 19
 Our review is limited to the timeliness of Liberty Mutual's notice of appeal. The Board twice ruled on the timeliness issue. First, in response to the Director of the OWCP's motion for reconsideration, alleging that Liberty Mutual's notice of appeal was untimely, the Board denied the motion without stating its reasoning. Second, the Board ruled that the respondents' notice of appeal was untimely. Although the Board's dismissal of the respondents' appeal is not before us, the reasons the Board gave for dismissing their appeal are relevant to our review of the Board's decision to hear Liberty Mutual's appeal.
 
 
 20
 Because we do not know the grounds on which the Board found Liberty Mutual's notice of appeal to be timely, we must turn to the applicable statute, the regulations passed pursuant to the statute, and the statements the Board made when reviewing the timeliness of the respondents' notice of appeal to discern the effect of a withdrawal of a motion for reconsideration on the time for filing a notice of appeal.
 
 
 21
 The statute governing appeals to the Board provides that:
 
 
 22
 [a] compensation order shall become effective when filed in the office of the deputy commissioner ..., and, unless proceedings for the suspension or setting aside of such order are instituted ..., shall become final at the expiration of the thirtieth day thereafter.
 
 
 23
 33 U.S.C.A. Sec. 921(a). This statute is jurisdictional and there is no equitable relief available if a party fails to object within the prescribed time period. Townsend v. Director, Office of Workers' Compensation Programs, 743 F.2d 880 (11th Cir.1984).
 
 
 24
 Pursuant to the above statute, the Board promulgated regulations governing the effect of a motion for reconsideration on the time for filing a notice of appeal. The applicable regulations provide that "[a] timely motion for reconsideration of a decision or order of an administrative law judge or deputy commissioner shall suspend the running of the time for filing a notice of appeal." 20 C.F.R. Sec. 802.205A(a) (1987).[2] The regulation further provides that:
 
 
 25
 [i]f a timely motion for reconsideration of a decision or order of an administrative law judge or deputy commissioner is filed, any appeal to the Board, whether filed prior to or subsequent to the filing of the timely motion for reconsideration, shall be dismissed as premature. Following final action by the administrative law judge or deputy commissioner ..., a new notice of appeal shall be filed with the Clerk of the Board by any party who wishes to appeal.
 
 
 26
 20 C.F.R. Sec. 802.205A(e) (1987).
 
 
 27
 As a preliminary matter, if the respondents had not withdrawn their motion for reconsideration and the ALJ had ruled on the merits of the motion, any notice of appeal filed prior to the judgment on the motion would have been premature. Jones v. Illinois Central Gulf Railroad, 846 F.2d 1099 (7th Cir.1988). In the instant case, the respondents filed a perfected motion for reconsideration and later withdrew it. The issue before this court is the effect of the respondents' withdrawal of their motion for reconsideration on the timeliness of Liberty Mutual's notice of appeal.
 
 
 28
 The Board provided two interpretations of the regulations when discussing the timeliness of the respondents' notice of appeal. First, the Board held that when a party files and subsequently withdraws a motion for reconsideration, the notice of appeal must be filed within 30 days of the original judgment from which the party seeks an appeal. Second, the Board held that even if the respondents' motion for reconsideration tolled the filing time for a notice of appeal, the respondents filed their notice of appeal before the ALJ ruled on their motion to withdraw and the notice of appeal was, therefore, premature.
 
 
 29
 We find no support for the Board's statement that a perfected motion for reconsideration that is later withdrawn fails to toll the period for filing a notice of appeal. 20 C.F.R. Sec. 802.205A(e) (1987) explicitly states that "any appeal to the Board, whether filed prior to or subsequent to the filing of a timely motion for reconsideration, shall be dismissed as premature." The regulation makes no exception for motions for reconsideration that are later withdrawn. Furthermore, the Board's interpretation could render substantial injustice to the party opposing a motion for reconsideration. For example, if a party filed a motion for reconsideration, the opposing party would read the regulation stating that any notice of appeal filed before resolution of the motion for reconsideration would be premature, and would then wait until the ALJ ruled on the motion for reconsideration before filing a notice of appeal. If the party moving for reconsideration later moved to withdraw the motion more than thirty days after the original judgment, under the Board's interpretation, the opposing party would lose the right to appeal.
 
 
 30
 The Board relies on Niswander v. Director, Office of Workers' Compensation Programs, 7 BLR 1-88 (1984), where the Board held that an unperfected motion for reconsideration cannot toll the time for filing a notice of appeal. Niswander is distinguishable from the instant case. In Niswander, the party moving for reconsideration did not file a perfected motion. In the instant case, the plaintiffs filed a perfected motion detailing several grounds of alleged error. The plaintiffs' motion was not frivolous or lacking in substance.
 
 
 31
 We find more credibility in the Board's alternative interpretation that the time for filing a notice of appeal is measured from the date that the ALJ ruled on the motion to withdraw the motion for reconsideration. The regulations governing the Board state that a notice of appeal filed before or after a motion for reconsideration is premature. The regulations further provide that "[f]ollowing final action by the administrative law judge or deputy commissioner [dismissing or granting the motion for reconsideration], a new notice of appeal shall be filed with the Clerk of the Board by any party who wishes to appeal." Although the regulation does not address the result when a legitimate motion for reconsideration is withdrawn, as compared to a motion granted or dismissed by the ALJ, we find the distinction between a withdrawn and a dismissed motion inapposite in this situation. In its alternative holding, the Board itself did not distinguish a withdrawn from a dismissed motion. Based on the above analysis, the Board held that the respondent's failure to file a notice of appeal within thirty days of the ALJ's ruling on the motion to withdraw the motion for reconsideration precluded the respondents from obtaining review of the underlying judgment. Like the respondents, Liberty Mutual failed to file a new notice of appeal after the ALJ ruled on the motion to withdraw the motion for reconsideration. We see no reason why the Board's alternative interpretation should not apply equally to Liberty Mutual's notice of appeal.
 
 
 32
 We recognize that the rules and regulations of the Board deserve special deference. Jones, 846 F.2d 1099. We also recognize that this deference is not appropriate when the Board deviates from its own regulations. See Kephart v. Director, Office of Workers' Compensation Programs, 701 F.2d 22 (3rd Cir.1983) (reversing the Board's dismissal of an action on grounds of abandonment where the court found the Board's construction of the regulation erroneous); Grimmett v. Director, Workers' Compensation Programs, 826 F.2d 1015 (11th Cir.1987) (reversing the Board's dismissal of an appeal as untimely where the Board measured the time for filing a notice of appeal from the date of the original judgment, not the date of the amended, final judgment); Pearce v. Director, Office of Worker's Compensation Programs, 647 F.2d 716 (7th Cir.1981) (reversing the Board where it failed to follow its own regulations); Youghiogheny & Ohio Coal Co. v. Benefits Review Board, 745 F.2d 380 (6th Cir.1984) (reversing the Board's dismissal of an appeal where the Board did not abide by its procedural rules). As this and other courts have repeatedly held, "[s]hould an agency in its proceedings, violate its rules and prejudice result, the proceedings are tainted and any actions resulting from the proceeding cannot stand." Hall v. Schweiker, 660 F.2d 116,119 (5th Cir.1981), citing Pacific Molasses Company v. Federal Trade Commission, 356 F.2d 386 (5th Cir.1966) and Alamo Express, Inc. v. United States, 613 F.2d 96 (5th Cir.1980). Here, the Board adhered to its own regulations when it dismissed the respondents' appeal on the grounds that they should have filed a new notice of appeal after the ALJ ruled on the motion to withdraw the motion for reconsideration; yet, the Board deviated from these same regulations when it found Liberty Mutual's notice of appeal timely. We, thus, hold that the Board erred in hearing Liberty Mutual's appeal. For the foregoing reasons, we VACATE the Board's decision on the merits and DISMISS Liberty Mutual's appeal.
 
 
 
 [1]
 Hereafter, when referring to Liberty Mutual we are referring to the collective actions of Liberty Mutual and Tideland
 
 
 [2]
 These regulations were later amended. We are relying on the regulations that were in effect at the time the Board rendered its decision