989 F.2d 500
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Evelyn SANDERS, Widow of Bruce E. Sanders, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 92-3915.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1993.
 
 1
 Before KEITH and SILER, Circuit Judges, and WOODS, District Judge.*
 
 ORDER
 
 2
 Evelyn Sanders, pro se, petitions for review of the Benefits Review Board's (BRB) decision denying her benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This widow also appeals the decision denying benefits to her husband, upon whose coal mining employment both claims are based. This appeal has been referred to a panel of the court under Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The miner, Bruce Sanders, filed an initial claim for benefits on May 30, 1972. This claim was adjudicated by the Social Security Administration (now Health and Human Services) and denied in January of 1976. The decision to deny benefits was affirmed on June 8, 1976 and, after review, again denied after the claimant elected review in 1978. Upon further consideration by the U.S. Department of Labor in 1980, Mr. Sanders requested a hearing before an Administrative Law Judge (ALJ), after which time a decision and order denying benefits was issued, in May of 1985. After appeal to the BRB, the Board dismissed the claim as being untimely filed and the miner's 1972 claim was finally closed.
 
 
 4
 Sanders again filed an application for benefits in 1987, but died before the resolution of this second claim, in May of 1987. Thereafter, the claimant, Mrs. Sanders, filed an application for survivor's benefits on July 27, 1987. These two 1987 claims, by the miner and his widow, are the claims now before this court upon review. Properly analyzing the claims under 20 C.F.R. Part 718, the ALJ found the evidence insufficient to show that the miner suffered from or died from either clinical or statutory pneumoconiosis. Thus, the ALJ denied benefits, both on the miner's claim and the widow's claim, pursuant to Part 718 of the regulations.
 
 
 5
 On appeal, the widow argues that the ALJ did not consider certain medical records and specifically, a report by one physician which was rejected by the ALJ as untimely filed under 20 C.F.R. § 725.456(d). Mrs. Sanders also makes the general allegation that her husband did suffer from black lung disease, which caused his death, contrary to the ALJ's findings.
 
 
 6
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam).
 
 
 7
 Upon consideration, the record shows that the BRB did not have jurisdiction over Mrs. Sanders's appeal, because Mrs. Sanders failed to appeal timely the ALJ's decision on a motion for reconsideration filed with the ALJ subsequent to the ALJ's decision and order denying benefits issued June 28, 1989. A court of appeals has a duty to consider sua sponte whether appellate jurisdiction is properly invoked and jurisdictional questions may be raised for the first time on appeal. Liberty Mut.Ins. Co. v. Wetzel, 424 U.S. 737, 740 (1976); Robinson v. Michigan Consol. Gas Co., 918 F.2d 579, 582-83 (6th Cir.1990). The record contains a letter from Mrs. Sanders, dated July 11, 1989, requesting the ALJ to reconsider her claim. Mrs. Sanders sent this letter to the BRB, requesting appeal, at the same time it was sent to the ALJ.
 
 
 8
 As correctly argued by the Director, the Rules of Practice and Procedure before the BRB provide that a timely motion for reconsideration of a decision and order of an Administrative Law Judge shall suspend the running of the time for filing a notice of appeal. 20 C.F.R. § 802.206(a). Any appeal to the Board, whether filed prior to or subsequent to the filing of such a motion for reconsideration, shall be dismissed without prejudice as premature. 20 C.F.R. § 802.206(f). Because the notice of appeal in this case was filed simultaneously with the motion for reconsideration, the appeal to the BRB was premature. Harmar Coal Co. v. Director, OWCP, 926 F.2d 302, 308 (3d Cir.1991); Tideland Welding Service v. Sawyer, 881 F.2d 157, 160 (5th Cir.1989), cert. denied, 495 U.S. 904 (1990); Jones v. Illinois Cent. Gulf R.R., 846 F.2d 1099 (7th Cir.1988). No new notice of appeal was filed after the ALJ issued his final order denying the motion for reconsideration.
 
 
 9
 Accordingly, the petition for review is hereby denied, and the BRB's decision on the merits is hereby VACATED for lack of jurisdiction over that appeal. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable George E. Woods, U.S. District Judge for the Eastern District of Michigan sitting by designation