**FA'ALUA HARRIS, Petitioner**

**v.**

**COMMISSIONER OF THE AMERICAN SAMOA GOVERNMENT WORKMEN'S COMPENSATION COMMISSION, Respondent**

**VCS SAMOA PACKING COMPANY, Real Party in Interest**

High Court of American Samoa
Trial Division

CA No. 5-93

September 20, 1993

Before KRUSE, Chief Justice, and TAUANU'U, Chief Associate Judge.

Counsel: For Petitioner, John L. Ward II
For Respondents, Elvis R.P. Patea, Assistant Attorney General
For Real Party in Interest, Roy J.D. Hall, Jr.

On Motion for Amended Judgment and/or New Trial:

On August 9, 1993, this court denied Fa'alua Harris' petition for review from the December 16, 1992, order of the Workmen's Compensation Commission (hereinafter WCC). On August 19, 1993, petitioner filed her "Motion for Amended Judgment and/or New Trial." For the following reasons, the court's original decision stands.

First, petitioner argues that the Commissioner's December 16 order was wrongly issued because VCS's November 24, 1992, response was filed too late. However, VCS claims that it faxed a handwritten response to the WCC on November 11 and that the November 24 response was merely supplemental.

Petitioner, in effect, argues that VCS's timely response may not be considered (in VCS's favor) because the Commissioner's December 16 order (setting aside the earlier December 9 order) only recited the untimely response. This argument, if accepted, would elevate form over substance. Although the December 16 order does not specifically refer to VCS's November 11 response, this response is part of the record below. Furthermore, this handwritten response appears to have been timely filed as the record further contains a "Transmittal Memorandum" addressed to the "WC Office" for "Attn: La," requesting that the response be "deliver[ed] to the WC Office." At the same time, we note that a responsive pleading was also filed by VCS on March 6, 1992, "den[ying petitioner's] claims for Workmen's Compensation benefits." On the other hand, the December 9 order was issued *ex parte* on the Commissioner's assumption that VCS did not contest petitioner's request for benefits. That assumption was clearly erroneous on the record below.

According to statute, the Commissioner shall order a compensation-order hearing upon application of any interested party. A.S.C.A. § 32.0636(b). Once the Commissioner realized that VCS had objected to petitioner's compensation claim, he could, as he did, properly set aside the December 9 order and set the matter for a "formal" hearing. We conclude that the Commissioner's actions were thus in conformity to

159

the statute and that VCS should be afforded the *inter partes* hearing it seeks.

Second, we disagree with petitioner's contention that A.S.C.A. § 32.0654 prohibits the Commissioner from reconsidering his decision and setting aside the December 9 order. Although a compensation order is "effective" when filed in the Commissioner's office, it does not become "final" until after 30 days. A.S.C.A. § 32.0651. During this period of time, the Commissioner may reconsider his order. *See Haleck v. Scanlan*, AP No. 3-76, slip op. at 4-5 (Feb. 16, 1977).[1]

---

[1] American Samoa's Workmen's Compensation Act is similar to and appears to have been based on the federal Longshoremen and Harbor Workers' Compensation Act. *Haleck v. Scanlan*, 4 A.S.R 998, 1002 (App. Div. 1975) (On Motion for Rehearing) (citing *Hartford Fire Ins. Co. v. Workmen's Compensation Comm'n*, CA No. 74-76). Thus, case law dealing with this federal statute is helpful in construing American Samoa's workmen's compensation law. *See also Etimani v. Samoa Packing Co.*, 19 A.S.R.2d 1 (Trial Div. 1991).

Under the federal Longshoremen and Harbor Workers' Compensation Act (LHWCA) and its extensions, a motion for reconsideration may be filed with the administrative law judge (ALJ) who issued the order. Unless "proceedings for the suspension or setting aside of such order" are properly instituted, the order becomes final 30 days after the date on which the order was filed in the deputy commissioner's office. *Patton v. Director, Office of Workers' Compensation Programs, U.S. Dep't of Labor*, 763 F.2d 553, 556 (3d Cir. 1985) (quoting 33 U.S.C. § 921(a)). Such "proceedings" include a motion for reconsideration, which if timely made suspends the running of the time for filing a notice of appeal. *Jones v. Illinois Cent. Gulf R.R.*, 846 F.2d 1099, 1100 (7th Cir. 1988) (citing 20 C.F.R. § 802.205A(a)). Thus, if a motion for reconsideration is filed, any appeal to the Benefits Review Board (BRB) is premature until final action is taken by the ALJ. *Jones*, 846 F.2d at 1100 (quoting 20 C.F.R. § 802.205A(e)). A motion for reconsideration was thus deemed to be a proper procedural device, even without an express provision in the agency's enabling statute. *Id.* at 1102. This is summarized as follows:

> When a party elects to seek reconsideration of a compensation order by the ALJ who issued it, there is always a possibility that the order complained of will

Third, contrary to petitioner's assertions, VCS's November 11 response appears, as we noted above, to have been faxed not only to petitioner's counsel but also to the WCC. Neither does VCS's submitting a "supplemental" response prove that it considered its November 11 response to be an insufficient objection to the compensation claim.

Petitioner's "Motion for Amended Judgment and/or New Trial" is denied.

It is so ordered.

---

be modified or changed in a way that will either render review by the BRB unnecessary or, on review, present the Board with a decision and/or supporting rationale different than that reflected in the original order. It is therefore reasonable to refrain from characterizing the original order of the ALJ as his/her final action . . . until the motion for reconsideration has been disposed of by the ALJ.

*Id*. at 1102 (internal citations omitted) (citing *American Farm Lines v. Black Ball Freight Serv.*, 397 U.S. 532, 541 (1970); *Outland v. Civil Aeronautics Bd.*, 284 F.2d 224, 227 (D.C. Cir. 1960)).