United States Court of Appeals,
Fifth Circuit.

No. 95-60578.

AETNA CASUALTY & SURETY CO., Petitioner,

v.

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR; Eva Jourdan, (Widow of E. Elliot Jourdan);
Equitable Equipment Company, A Subsidiary of Trinity Industries,
Incorporated; Fidelity & Casualty Company of New York; Wausau
Insurance Company, Respondents.

Oct. 22, 1996.

Petition for Review of an Order of the Benefit Review Board.

Before JONES and WIENER, Circuit Judges, and FURGESON,[*] District
Judge.

WIENER, Circuit Judge:

This appeal presents narrow procedural questions concerning
the timeliness of appeals to the Benefits Review Board (BRB) under
regulations promulgated pursuant to the Longshore and Harbor
Workers' Compensation Act (LHWCA).[1] More particularly, we are
asked to determine whether the BRB properly dismissed an insurer's
appeal from a decision of an Administrative Law Judge (ALJ) as
premature because another party had filed a timely Motion for
Reconsideration of the ALJ's decision after the filing of the
insurer's notice of appeal.

I

---

[*]District Judge of the Western District of Texas, sitting by
designation.

[1]33 U.S.C. § 901 *et seq.*

1

FACTS AND PROCEEDINGS

This appeal arises from the death of E. Eliot Jourdan, a former employee of the Equitable Equipment Company, now a part of Trinity Marine Group, a division of Trinity Industries, Inc. (Equitable). Jourdan was employed at Equitable from 1940 until his retirement in 1973, and died on June 6, 1985. An autopsy revealed that Jourdan's death was caused, at least in part, by asbestos related conditions sustained during the course and scope of his employment with Equitable. In February of 1986, Jourdan's widow, Eva Q. Jourdan (Claimant), filed a formal claim for death benefits under the LHWCA.

Employers Insurance of Wausau (Wausau), Equitable's worker's compensation carrier at the time of Mr. Jourdan's retirement, was placed on notice of the claim and defended both itself and Equitable at a hearing held before an ALJ on June 26, 1987. In a Decision and Order dated March 22, 1988, the ALJ found that Claimant was entitled to death benefits, medical expenses, and funeral expenses, yet ruled that Wausau was not the responsible carrier because no evidence had been introduced to show that Jourdan had been exposed to asbestos subsequent to the date that Wausau's coverage began. As the ALJ determined neither the date of Jourdan's last exposure to asbestos nor the responsible insurance carrier, Equitable filed a Petition for Modification seeking findings of fact on these two issues. At this point, Petitioner-Appellant Aetna Casualty & Surety Company of New York (Aetna) and

2

Fidelity & Casualty Company of New York were made parties to the proceeding. After a complex series of maneuvers unrelated to this appeal, during which Claimant's case wound its way from the Department of Labor, to the BRB, to this court, and finally back to a new ALJ, a hearing was conducted by the new ALJ on January 14, 1994, on Equitable's Petition for Modification. From this date forward, the chronology of events accelerates and becomes paramount to the issues we face on appeal, to-wit:

*August 16, 1994:* The new ALJ's Decision and Order—finding, *inter alia,* Aetna to be the responsible worker's compensation carrier—was filed and thereafter served on the parties.

*August 22, 1994:* The Director of the Department of Labor's Office of Worker's Compensation Programs (OWCP) filed a Motion for Reconsideration in Part, contending that the new ALJ erroneously ruled that Equitable was discharged from liability for current and future benefits.

*September 13, 1994:* Aetna mailed a Notice of Appeal to the BRB and sent copies to a number of officials on subsequent days.

*September 14, 1994:* Aetna's original Notice of Appeal was received and stamped by the BRB.

*September 27, 1994:* A copy of Equitable's Notice of Appeal, intended for Marilyn C. Felker, the District Director for the Seventh Compensation District, whose office is located in New Orleans, Louisiana, was erroneously addressed to her at the

3

Washington, D.C. office of the BRB where it was received and stamped by the BRB. (Felker's copy was post-marked September 19, 1994.)

*September 28, 1994:* The District Director filed and mailed the new ALJ's Decision and Order on Motion for Reconsideration, *originally dated September 20, 1994,* granting the Director's motion and specifically amending his prior Decision and Order to provide that Equitable was not discharged from liability for current and future benefits due the Claimant. Also on this date, Equitable filed a cross-appeal by mail, which was received by the BRB on October 2, 1994.

*November 21, 1994:* Equitable filed a motion to have the BRB dismiss Aetna's September 14th appeal as premature pursuant to 20 C.F.R. § 802.206(f).

*March 24, 1995:* By a majority vote, the BRB dismissed Aetna's appeal as having been prematurely filed, relying on 20 C.F.R. § 802.206(f) and the reasoning of this court's decision in *Tideland Welding Service v. Sawyer.*[2]

Subsequent to this dismissal, Aetna moved for reconsideration and reconsideration en banc, but in an order dated July 21, 1995 the BRB adhered to its decision. Aetna now seeks our review under

---

[2]881 F.2d 157 (5th Cir.1989), *cert. denied,* 495 U.S. 904, 110 S.Ct. 1922, 109 L.Ed.2d 286 (1990).

4

authority of LHWCA § 21(c).[3]

## II

## ANALYSIS

Our review in appeals from LHWCA decisions of the BRB is typically limited to "considering errors of law and making certain that the Board has adhered to its statutory standard of review for factual determinations."[4] The questions presented by the instant appeal, however, exclusively comprise issues of construction of the *regulations* governing appellate proceedings before the BRB under the LHWCA, not construction of the Federal Rules of Appellate Procedure (FRAP). Thus, even though the BRB's interpretation of the LHWCA would normally merit no special deference, the BRB's interpretation of its own rules and regulations do deserve judicial deference so long as the BRB remains consistent and does not deviate from them.[5]

The statute governing appeals to the BRB, LHWCA § 21(a), provides a thirty day period during which appeals may be filed before a decision of an ALJ or deputy commissioner will be

---

[3]33 U.S.C. § 921(c).

[4]*Boland Marine & Mfg. Co. v. Rihner,* 41 F.3d 997, 1002 (5th Cir.1995) (quoting *Avondale Shipyards, Inc. v. Kennel,* 914 F.2d 88, 90 (5th Cir.1990)).

[5]*See Tideland Welding,* 881 F.2d at 161 (noting that "deference is not appropriate when the Board deviates from its own regulations"); *see also Hall v. Schweiker,* 660 F.2d 116, 119 (5th Cir.1981) (reversal of agency decision mandated when an agency violates its internal procedural rules and prejudice results).

5

considered final.[6]  As this statute imposes a jurisdictional requirement, any untimely appeal must be summarily dismissed, and no equitable relief is permitted.[7]  Pursuant to LHWCA section 21(a), the BRB has promulgated regulations detailing the effect of a motion for ALJ reconsideration on the time for filing an appeal to the BRB.

Initially, 20 C.F.R. § 802.206(a) directs that "[a] timely motion for reconsideration ... shall suspend the running of the time for filing a notice of appeal."  More importantly, 20 C.F.R. § 802.206(f) states:

> If a timely motion for reconsideration of a decision or order of an administrative law judge or deputy commissioner is filed, any appeal to the Board, whether filed prior to or subsequent to the filing of the timely motion for reconsideration, shall be dismissed without prejudice as premature.  Following decision by the administrative law judge or deputy commissioner pursuant to either (d) or (e) of this section, a new notice of appeal shall be filed with the Clerk of the Board by any party who wishes to appeal.  During the pendency of an appeal to the Board, any party having knowledge that a motion for reconsideration of a decision or order of an administrative law judge or deputy commissioner has been filed shall notify the Board of such filing.

20 C.F.R. § 802.206(d), in turn, provides:

> If a motion for reconsideration is granted, the full time for filing an appeal commences on the date the subsequent decision or order on reconsideration is filed as provided in § 802.205.

Finally, 20 C.F.R. § 802.205(a) provides that:

---

[6]33 U.S.C. § 921(a);  *see also* 20 C.F.R. § 802.205(a) (reiterating thirty day period for filing of notice of appeal).

[7]*Tideland Welding,* 881 F.2d at 159;  20 C.F.R. § 802.205(c).

A notice of appeal, other than a cross-appeal, must be filed within 30 days from the date upon which a decision or order has been filed in the office of the Deputy Commissioner....

To synthesize these interlocking regulations, then, when a motion for reconsideration is filed by any party, a previously filed notice of appeal is nullified *ipso facto*.[8] Any party who still desires review before the BRB, whether he be a party who has previously filed a notice of appeal or a newly aggrieved party, must wait until the motion for reconsideration has been resolved.[9] Once the ALJ or deputy commissioner has filed his order or decision on the reconsideration motion, the would-be appellant—old or new—then has thirty more days to file a notice of appeal (a new one if a previously filed notice of appeal had been nullified by the filing of the motion for reconsideration).[10]

In *Tideland Welding,* we applied an almost identical former version of section 802.206(f) and reversed a decision of the BRB. We so ruled because the BRB had failed to dismiss as premature an insurer's appeal filed prior to the timely filing by two claimants of a motion for reconsideration; and we did so regardless of the fact that the subject motion was eventually withdrawn.[11] Other courts have been no less firm in requiring strict adherence to

[8]*See* 20 C.F.R. § 802.206(f).

[9]*See* 20 C.F.R. § 802.206(a), (d), (e) & (f).

[10]*See* 20 C.F.R. §§ 802.205(a) and 802.206(d), (e) & (f).

[11]881 F.2d at 160-61.

section 802.206(f).[12]

Based on its own procedural rules and this court's decision in *Tideland Welding,* the BRB dismissed Aetna's September 14th appeal because it had been filed while the Director's August 22nd Motion for Reconsideration was pending before the new ALJ. Aetna challenges this apparently unremarkable decision on three primary grounds, each of which we consider in turn.

1. The Fortuitous Copy

At the outset, Aetna contends that the BRB's September 27, 1994 receipt of the extra photocopy of Aetna's original Notice of Appeal, intended for the New Orleans District Director of the OWCP, constituted a timely "re-filing" of this Notice of Appeal, thereby satisfying the requirements of section 802.206(f). This imaginative argument, we note, was not raised before the BRB but has now been raised for the first time in this appeal. The argument should therefore be deemed waived.[13] Even were we not to

---

[12]*See Harmar Coal Co. v. Director, Office of Workers' Compensation Programs,* 926 F.2d 302 (3rd Cir.1991) (vacating Board's decision under section 802.206(f) where two parties' appeal to the Board was filed simultaneously with timely motion for reconsideration, motion remained pending before a deputy commissioner, and parties never filed new notice of appeal); *and Jones v. Illinois Cent. Gulf R.R.,* 846 F.2d 1099, 1103 (7th Cir.1988) (upholding Board's denial of claimant's appeal as premature under section 802.206(f) where claimant failed to file new notice of appeal with the Board following an ALJ's order denying her motion for reconsideration).

[13]*See Duncanson-Harrelson Co. v. Director, Office of Workers' Compensation Programs,* 644 F.2d 827, 832 (9th Cir.1981); *General Dynamics Corp. v. Sacchetti,* 681 F.2d 37, 40 (1st Cir.1981).

disregard the argument as having thus been waived, however, it would still fail for two equally compelling reasons.

First, as both Respondents point out, the 30-day period during which Aetna could have filed its "new notice of appeal" pursuant to section 802.206(f) did not commence until the new ALJ's Decision and Order on Motion for Reconsideration was actually *filed* by the District Director and mailed to the parties—on September 28, 1994.[14] Any "re-filing" purportedly accomplished by Aetna before this date, even if only one day earlier, could have no effect. Additionally, even though Aetna notes that the BRB received the extra copy of the Notice of Appeal after the new ALJ apparently *dated* his Decision and Order on Motion for Reconsideration, the governing regulations clearly specify the triggering date of the thirty day appeal period in these circumstances as "the date the subsequent decision or order on reconsideration is *filed* ... [in the office of the Deputy Commissioner]."[15] Thus, the fact that the new ALJ rendered his Decision and Order on Motion for Reconsideration prior to the BRB's accidental receipt of the copy intended for the District Director is immaterial under the regulations.

Even were we to consider the Board's receipt of the copy of Aetna's Notice of Appeal to have occurred within the temporal

---

[14]*See* 20 C.F.R. §§ 802.206(d) & 802.205(a).

[15]*See id.* (emphasis added).

bounds of sections 802.205(a) and 802.206(d) & (f), we still could not condone treating the accidental receipt of a misaddressed photocopy of an initially filed and subsequently voided notice of appeal as a "new notice of appeal" for the purposes of 802.206(f). To do so would be to give the same effect to such an errant and inadvertent photocopy of an otherwise void notice of appeal as we give to one that is valid and timely filed. That would constitute a stretch of such proportion as to be unreasonable at best.

In any event, section 802.206(f) does not require that there be a "re-filing" of a premature appeal after disposition of a motion for reconsideration, but rather that "a new notice of appeal shall be filed ... by any party who wishes to appeal" the result of the ALJ proceedings. We speculate that, given the liberal rules governing what will suffice to constitute an effective notice of appeal to the BRB,[16] minor alterations of an earlier notice—or perhaps even changes of the date of an attached cover letter or certificate of service—might well be treated as a "new" notice of appeal within the meaning of section 802.206(f). In some limited circumstances—as, for example, when the appellant is an unrepresented party—even a mere new mailing to the BRB of additional copies of an unchanged original notice might be considered as satisfying section 802.206(f), assuming that, subsequent to the ALJ's disposition on reconsideration, an intent

---

[16]*See* 20 C.F.R. 802.208(b) & (c).

10

to file the notice anew is clearly manifested.  As the record of this proceeding reflects, however, none of these variations were present here.  Simply put, we would be overreaching to excess if we were to allow the serendipitous appearance of a misdirected copy of Aetna's original Notice of Appeal to satisfy the "new notice of appeal" requirement of section 802.206(f).

2. A "Real" Motion for Reconsideration

The second of Aetna's principal arguments constitutes an attempt to evade the requirements of section of 802.206(f) and the clear holding of *Tideland Welding* by contending that the Director's August 22, 1994 Motion for Reconsideration in Part was not a "real" Motion for Reconsideration within the meaning of section 802.206(f).  Instead, claims Aetna, that motion should be regarded merely as a motion for clarification.  To buttress its argument, Aetna asserts that the motion did not address the principal issues in the case and also notes that no party opposed the motion.

But the Director's Motion for Reconsideration in Part did in fact address a significant and substantive provision of the ALJ's original order.  Indeed, the question whether an employer is liable for current and future benefits due to a claimant can hardly be said to constitute a clerical or computational oversight of the kind properly addressed by a motion for clarification under

11

Fed.R.Civ.P. 60(a).[17] Furthermore, even if they engender some appeal on grounds of fairness or equity, the facts that the Director's Motion for Reconsideration In Part (1) addressed issues different from those identified in Aetna's appeal, and (2) went unopposed by all parties, including the employer, ultimately prove to be immaterial. In *Tideland Welding,* the claimants' motion for reconsideration, which triggered the application of section 802.206(f)'s predecessor, was also unrelated to the issues raised by the insurer's appeal and, furthermore, was eventually withdrawn on the claimants' own motion. Yet neither of these facts obviated the need for all appealing parties, if they still desired review by the BRB, to submit new notices of appeal after the motion for reconsideration had been resolved.[18] *A fortiori,* in this proceeding, in which the Director's substantive motion for

---

[17]*Compare Grimmett v. Director, Office of Workers' Compensation Programs,* 826 F.2d 1015, 1017-18 (11th Cir.1987) (holding that omission of portion of ALJ's order which explained why medical evidence rebutted interim presumption of total disability was not mere clerical error so that 30 day limitations period for filing appeal did not begin to run until original order was amended), *with Graham-Stevenson v. Frigitemp Marine Div.,* 13 Ben.Rev.Bd.Serv. 558, 559 (1981) (holding that ALJ's failure to multiply dollar amount of miner's weekly compensation rate by appropriate percentage constituted "oversight" or "omission" within Fed.R.Civ.P. 60(a) and thus did not suspend the appeals period until ALJ issued *sua sponte* correction).

[18]*See* 881 F.2d at 161 ("Although the regulation does not address the result when a legitimate motion for reconsideration is withdrawn, as compared to a motion granted or dismissed by the ALJ, we find the distinction between a withdrawn and a dismissed motion inapposite in this situation.").

reconsideration, although unopposed, was never withdrawn but in fact was granted by the ALJ, no party can be excused from failing to comply with the limitation period imposed by section 802.206(f).

Finally, we must harbor some concern for certainty and predictability. If we were to agree with Aetna's contention and allow the BRB to treat some motions for reconsideration as being governed by section 802.206(f) while disregarding others, we might undermine any certainty that the parties could otherwise have regarding the effect of a pleading entitled "Motion for Reconsideration" on the time for filing an appeal. Such uncertainty would, at best, lead to many duplicative appeals being filed by parties seeking to ensure compliance with the rules, and would, at worst, burden the BRB and the courts with wasteful litigation over which motions do or do not fit within the rule.

3. The Timing of the BRB's Dismissal

Aetna's third major theory can be disposed of with even greater dispatch. In essence, Aetna urges that section 802.206(f) should not be applied when the BRB does not dismiss an appeal until after an ALJ has disposed of a motion for reconsideration. Instead, urges Aetna, an appeal should be treated as having "become ripe" when the ALJ takes such action if the appeal has not already been dismissed. Aetna perceives support for this proposition in the language of section 802.206(f), which directs that, subsequent to the filing of a timely motion for reconsideration, any appeal "shall be dismissed without prejudice." This argument fails for

13

two reasons.  First, Aetna is again unable to distinguish *Tideland Welding,* in which we dismissed an insurer's appeal that was followed by a timely (albeit eventually withdrawn) motion for reconsideration, even though the BRB did not at any time dismiss the insurer's appeal.[19]  Second, Aetna's preoccupation with the phrase "without prejudice" misses the point.  Here, just as in *Tideland Welding,* the BRB's dismissal of Aetna's appeal as premature was effectively "without prejudice" in that the dismissal itself had no negative effect on Aetna's right to obtain judicial review.  The prejudice that was suffered by Aetna—namely, the loss of its right to appeal—was the result of Aetna's own failure timely to file a new notice of appeal after the ALJ's disposition of the Director's Motion for Reconsideration, as expressly required by the regulation.  Such prejudice was not the result of the BRB's dismissal.

4. Equitable and Policy Considerations

As a final matter, we do acknowledge that the preclusion of review that resulted from the BRB's dismissal of Aetna's appeal does not seem to serve the policy rationale of section 802.206(f) of avoiding unnecessary review by the BRB or presenting the BRB with reasons for a decision different from or in addition to those reflected in the original order.[20]  This is particularly true when,

---

[19]881 F.2d at 159.

[20]*See Illinois Central Gulf,* 846 F.2d at 1102.

14

as was the case here, all parties were aware that Aetna wanted review and that the ALJ did not alter, or would not have altered, the original decision in any respect relevant to Aetna's intended appeal. Yet, as we observed in *Tideland Welding,* the LHWCA's limitations period for appeals is "jurisdictional and there is no equitable relief available if a party fails to object within the prescribed time period."[21] Moreover, our inclination to uphold the BRB's adherence to a "bright line" rule is supported by the Supreme Court's historical fidelity to an analogously strict interpretation of the pre-1993 amendment version of Fed.R.App.P. 4(a)(4). This is exemplified in *Griggs v. Provident Consumer Discount Company,*[22] wherein the Court held that a federal court of appeals lacked jurisdiction because a defendant's notice of appeal which had been filed during the pendency of a post-decision motion to alter or amend the judgment and was premature and therefore without effect under the old version of Rule 4(a)(4). This was so, indicated the Court, even though it was evident to all concerned that the defendant still desired appellate review of the district court

---

[21]881 F.2d at 159 (citing *Townsend v. Director, Office of Worker's Compensation Programs,* 743 F.2d 880 (11th Cir.1984)).

[22]459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). *Griggs,* however, has been partially overruled by the 1993 amendment of Fed.R.App.P. 4(a)(4). *See Burt v. Ware,* 14 F.3d 256, 258 (5th Cir.1994); *Hatfield v. Board of County Commissioners for Converse County,* 52 F.3d 858, 861 nn. 1-2 (10th Cir.1995).

judgment.[23]  The BRB's regulations, establishing the same rule concerning motions for reconsideration before an ALJ as old Rule 4(a)(4) had established for post-decision motions before district courts, are no less imperative and jurisdictional.  Even though the BRB's regulations doubtlessly create the same kind of "trap for an unsuspecting litigant" that motivated the Supreme Court to amend Rule 4(a)(4),[24] revision of the BRB's appellate regulations are not and should not be the province of this court, no matter how arcane or anachronistic those regulations might appear to be.

CONCLUSION

Even with these final considerations in mind, we are constrained to conclude that the BRB properly dismissed Aetna's appeal of the new ALJ's Order and Decision of August 16, 1994, as premature under 20 C.F.R. § 802.206.  Accordingly, the Board's decision is

AFFIRMED.

---

[23]459 U.S. at 61, 103 S.Ct. at 403-04.

[24]*See* Fed.R.App.Proc. 4(a)(4) Advisory Committee Note to Paragraph 4(a)(4), 1993 Amendment; *Burt,* 14 F.3d at 259 (reviewing policy considerations that provoked 1993 amendment of Rule 4(a)(4)).