In the Matter of WARNER COAL COM-
PANY, et al. (85–3766), Pyro Mining
Company, et al. (85–3767), Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNIT-
ED STATES DEPARTMENT OF LA-
BOR (85–3766/67), Respondent,

L.C. Saylor (85–3766), John M. Slaton
(85–3767), Respondents.

Nos. 85–3766, 85–3767.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 25, 1986.

Decided Oct. 30, 1986.

Opinion on Rehearing Dec. 17, 1986.

Mark E. Solomons (argued), Arter &
Hadden, Washington, D.C., for petitioners.

J. Michael O'Neill, Diane Hodes, Thomas
L. Holzman (argued), Mark Robson, Office
of the Solicitor, U.S. Dept. of Labor, Wash-
ington, D.C., Henry E. Hayden (argued)
Hayden & McKnown, Hartford, Ky., Ste-
phen R. Chappell (argued), Goss, Chappell,
Brashear, & Goss, Harlan, Ky., for respon-
dents.

Before LIVELY, Chief Judge, MER-
RITT, Circuit Judge, and TIMBERS, Senior
Circuit Judge *.

MERRITT, Circuit Judge.

In these consolidated cases arising under
Part C of the *Black Lung Benefits Act*, 30
U.S.C. §§ 931–945,[1] the appellant is the in-
surance carrier for the mining company
which employed the claimants. The insur-
ance carrier in both cases seeks review of
decisions by the Department of Labor's
Benefits Review Board awarding benefits
to claimants.

The basic issue in these cases is whether
in the administration of the Act the Secre-
tary of Labor must give written notice of
the black lung claim to the insurance carri-
er for the claimant's employer prior to the
administrative adjudication of a claim af-
fecting the carrier's liability. In both
cases, the Board said no. It held that
under the applicable regulations,
"[n]owhere is it stated that the carrier
must receive notification," only that the
coal mine operator must receive notice.
The Board stated in *Warner Coal Compa-
ny v. Saylor* that the issue of notice to the
carrier was "irrelevant" and in *Pyro Min-
ing Company v. Slaton* that the issue was
"without merit."

Contrary to the decision of the Board, we
hold that notice to the carrier is required
by regulations adopted by the Secretary
and by the statutory scheme. Specifically,

---

* The Honorable William H. Timbers, Senior Cir-
cuit Judge of the United States Court of Appeals
for the Second Circuit, sitting by designation.

1. For a brief description of the statutory pur-
pose, development and structure of the Act, see
Judge Contie's opinion in *Director, Office of
Workers' Compensation Programs, U.S. Dep't of
Labor v. Bivens*, 757 F.2d 781 (6th Cir.1985).

20 C.F.R. § 725.360(a)(4) provides that in such black lung benefits proceedings:

> The following persons shall be parties:
> (1) The claimant;
> (2) A person other than a claimant, authorized to execute a claim on such claimant's behalf under § 725.301;
> (3) Any coal mine operator notified under § 725.412 of its possible liability for the claim;
> (4) *Any insurance carrier of such operator.* (Emphasis added.)

Thus under the Act the carrier is clearly a party to the litigation which adjudicates its interests. Moreover, 33 U.S.C. 919(b) (1982) provides notice shall be handled as follows:

> Within ten days after such claim is filed the deputy commissioner, in accordance with regulations prescribed by the Secretary, shall notify the employer and *any other person* (other than the claimant), whom the deputy commissioner considers an *interested party*, that a claim has been filed. (Emphasis added.)

In light of the regulation adopted by the Secretary, we interpret the "interested party" language of the statute necessarily to include the carrier. Therefore, the statute read in conjunction with the regulation requires that notice be given to the carrier.

The Black Lung Act and the regulations adopted thereunder do not contemplate a later indemnity action by the employer against the carrier once liability is established but rather contemplate that the carrier, as a *party*, may be subject to liability in the original proceeding. For example, 33 U.S.C. § 935 (1982) establishes the general framework for the substitution of the carrier for the employer. This section states in relevant part:

> In any case where the employer is not a self-insurer, in order that the liability for compensation imposed by this chapter may be most effectively discharged by the employer, and in order that the administration of this chapter in respect of such liability may be facilitated, the Secretary shall by regulation provide for the discharge, by the carrier for such employer, of such obligations and duties of the employer in respect of such liability, imposed by this chapter upon the employer, as it considers proper in order

to effectuate the provisions of this chapter.

Given that the Black Lung Act potentially attaches liability to the carrier in a particular case, the statutory scheme follows the Due Process clause of the Fourteenth Amendment in requiring that the carrier be given adequate notice and an opportunity to defend. A long line of due process cases has held that adequate notice is required where individual interests may be adversely affected by a proceeding or adjudication. *See, e.g., Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982). Under the analysis of these cases, the carriers must receive notice in Black Lung Act claim proceedings.

Thus, both as a matter of constitutional law and statutory interpretation, the Board erred in finding that notice to the carrier is "irrelevant" and not required. Accordingly, the decisions of the Board are reversed and remanded for further proceedings consistent with this opinion on the question of the adequacy of notice to the carrier.

The motion of respondent to dismiss the appeal of petitioners, mining companies, is denied.

---

The petitioners have filed with the Court a petition for rehearing seeking a resolution of an additional issue said to be present in the case and undecided by the Court in its opinion filed October 30, 1986. That issue is stated to be: "Whether an administrative law judge has jurisdiction to decide whether, in light of the particular facts of the case, adequate notice was provided."

The Court has decided in its opinion that a carrier is entitled to adequate notice of the claims against the carrier. The Court has remanded the cases to the Board for further consideration. The Board should reconsider the question referred to above concerning the jurisdiction of administrative law judges, and the Board's reconsideration should be in light of the Court's decision in this case that insurance carriers are entitled to notice of the proceedings. Accordingly, this issue will not be decided on appeal at this time but will be remanded to

the Board for reconsideration of its earlier decision.

Accordingly, it is so ORDERED.