**HARMAR COAL COMPANY and Old Republic Insurance Company, Petitioners,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR and Joseph J. Rostis, Respondents.**

No. 90–3259.

United States Court of Appeals, Third Circuit.

Argued Oct. 9, 1990.

Decided Feb. 21, 1991.

Mark E. Solomons (argued) Laura Metcoff Klaus, Arter & Hadden, Washington, D.C., for petitioners.

Robert P. Davis, Sol. of Labor, Donald S. Shire, Associate Sol. for Black Lung Benefits, Sylvia T. Kaser, and Michael J. Denney, Counsel for Appellate Litigation, Rita Roppolo (argued), U.S. Dept. of Labor, Office of the Sol., Washington, D.C., for respondent Director, Office of Workers' Compensation Programs.

William L. Lowman and James Harkness (argued) United Mine Workers of America, Belle Vernon, Pa., for respondent Joseph J. Rostis.

Before GREENBERG, HUTCHINSON and COWEN, Circuit Judges.

## OPINION OF THE COURT

HUTCHINSON, Circuit Judge.

Harmar Coal Company (Harmar) and Old Republic Insurance Company (Old Republic), Harmar's insurer against liability for federal black lung benefits, petition for review of an order of the Benefits Review Board (Board). The Board affirmed the Department of Labor's (Department's) determination that Joseph Rostis (Rostis) was entitled to black lung benefits and that Harmar and Old Republic were responsible for paying those benefits to Rostis. Harmar and Old Republic conceded almost at the outset of this case that they would be liable if any benefits were due Rostis. The Department determined that benefits were due Rostis in a default judgment that a deputy commissioner entered against Har-

mar and Old Republic on September 18, 1980.[1]

This matter then began its tortuous procedural route. Harmar and Old Republic appealed to an administrative law judge (ALJ), who decided parts of the appeal and remanded the rest of it back to the deputy commissioner. Following the deputy commissioner's decision on remand, Harmar and Old Republic appealed to the Board and simultaneously filed a timely motion for reconsideration with the deputy commissioner. Even though Harmar and Old Republic's motion for reconsideration remained pending before the deputy commissioner, the Board denied Harmar and Old Republic relief from the ALJ's determination that they had proper notice of the deputy commissioner's initial finding that benefits were due as well as from the deputy commissioner's determination on remand that they otherwise lacked good cause to vacate the default. Harmar and Old Republic seek review of these Board determinations.

30 U.S.C.A. § 932(a) (West 1986) incorporates the appellate review procedures of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(c) (West 1986), into the Black Lung Benefits Act. Section 921(c) provides:

> Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred....

*Id.* The Board's order, if it stands, requires Harmar or Old Republic to pay benefits due Rostis and to reimburse the Black Lung Trust Fund for amounts already advanced to him. Therefore, we hold the Board's decision is a final order, and we have jurisdiction over Harmar and Old Republic's petition for review of the Board's order. We are, however, unable to reach the merits of Harmar and Old Republic's contentions that they had good cause for their failure to controvert properly the Department's initial determination that Rostis was entitled to benefits. We cannot reach the merits of the good cause issue because Harmar and Old Republic's appeal to the Board was filed simultaneously with their timely motion for reconsideration of the good cause issue. Even today, it appears that motion remains pending before a deputy commissioner. Accordingly, their appeal to the Board was premature under the controlling regulation, 20 C.F.R. § 802.206(f) (1990), and the Board lacked power to hear Harmar's appeal. Thus, we will vacate the Board's decision and order on the good cause issue without reaching the merits of Harmar and Old Republic's good cause argument. As a result, we are equally unable to consider petitioners' other arguments on the merits: that they were not properly notified of the deputy commissioner's initial finding; that even if they were notified, they are entitled to a hearing before an ALJ to present their claim that they had good cause to file a late response; and that considering the way the Department handled this case, denying them a hearing violated due process. Our reasoning follows.

## I.

Because of the twists and turns the administrative process took in this case as it circled back on itself, we first summarize in general terms Harmar and Old Republic's claims against the procedural background of our decision.

Old Republic says that at the time Rostis's claim was filed, it had adopted a practice of handling without outside counsel the preliminaries of miners' claims for which its insureds were potentially liable. These preliminaries included the preparation and filing of the controversion necessary to pre-

**1.** Rostis filed his claim on May 3, 1978. The length of time this claim has been pending is one more example of the confusion and delay attendant upon the administration and resolution of claims for benefits resulting from Congress's several amendments to the Black Lung Benefits Act. These delays became particularly acute after the 1977 and 1981 amendments to the Act produced a huge volume of cases. For a discussion of the various amendments, see *Helen Mining Co. v. Director, OWCP*, 924 F.2d 1269, 1271–1273 (3d Cir.1991) (in banc). Unfortunately, for reasons discussed below, that confusion is still working to delay final disposition of this case.

vent entry of a default judgment based on a deputy commissioner's initial finding that benefits were due. *See* 20 C.F.R. §§ 725.-410, 725.413 (1990) (concerning initial findings and defaults).

Harmar and Old Republic's problems in Rostis's case began when Old Republic permitted an outside attorney to enter an appearance for Harmar before the deputy commissioner made his initial finding that Rostis was eligible for benefits. Old Republic does not deny retaining this attorney, George Thompson (Thompson), to represent it on Rostis's claim. The written appearance Thompson filed directed the Department to send copies of all notices involving Rostis's claim to Thompson. Thereafter, when a deputy commissioner determined that Rostis was indeed eligible for benefits, the Department sent notice of that determination to Thompson. The notice included a warning that a default judgment would be entered against Harmar and Old Republic unless they notified the deputy commissioner that they intended to controvert Rostis's eligibility by filing, within thirty days, a controversion of liability on a form the Department prescribed for that purpose. The form was enclosed.

A Department regulation published at 20 C.F.R. § 725.364 (1990) provides with respect to notice:

> Notice given to any party of any administrative action, determination, or decision, or request to any party for the production of evidence shall be sent to the representative of such party and such notice or request shall have the same force and effect as if it had been sent to the party represented.

Instead of filing a controversion on the form provided, Thompson sent the Department a summary of medical evidence that tended to refute the deputy commissioner's determination that Rostis was eligible for benefits. Apparently failing to recognize Thompson's submission of the medical evidence as a proper controversion of Rostis's

claim, the deputy commissioner entered a default judgment against Harmar and Old Republic. As soon as Old Republic learned of the default, it began efforts to take it off. Ultimately, Old Republic filed both an appeal from the default with the Board and a timely motion with the deputy commissioner for reconsideration of his refusal to accept Old Republic's argument that it had good cause for its failure to file a proper controversion of the deputy commissioner's initial finding that Rostis was eligible for benefits.[2]

20 C.F.R. § 802.206(f) (1990) provides:

> If a timely motion for reconsideration of a decision or order of an administrative law judge or deputy commissioner is filed, any appeal to the Board, whether filed prior to or subsequent to the filing of the timely motion for reconsideration, shall be dismissed without prejudice as premature. Following decision by the administrative law judge or deputy commissioner pursuant to either paragraph (d) or (e) of this section, a new notice of appeal shall be filed with the Clerk of the Board by any party who wishes to appeal.

■ This Department regulation prevails over any conflicting Board rulings holding that the Board can review an appeal to it despite the pendency of a timely motion for reconsideration before a deputy commissioner or ALJ. *See Revak v. National Mines Corp.* 808 F.2d 996, 1002 n. 10 (3d Cir.1986) (citing *United States v. Nixon,* 418 U.S. 683, 695–96, 94 S.Ct. 3090, 3100–02, 41 L.Ed.2d 1039 (1974)), *overruled on other grounds, Mullins Coal Co. v. Director, OWCP,* 484 U.S. 135, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987); *cf.* 5 U.S.C.A. § 556(c)(8) (West 1977) (agency rules govern decisions made in agency hearings). Accordingly, it is plain that the Board lacked the power to consider the good cause issue.

---

**2.** Old Republic's motion for reconsideration was filed after the deputy commissioner found that no good cause existed. In turn, this came after it sought to have an ALJ decide the good cause issue. The ALJ determined he lacked power to

decide the good cause issue and remanded the case to the deputy commissioner's office. The deputy commissioner apparently has not yet formally disposed of Old Republic's motion for reconsideration.

## II.

In order to understand fully the problem this petition for review presents, we now set out in detail what happened.

On May 3, 1978, Rostis filed a claim with the Department for benefits under the version of the Black Lung Benefits Act then in effect. On March 27, 1980, the Department sent a Notice of Claim to Harmar, Rostis's last employer, and Harmar's insurer, Old Republic. Old Republic agreed that the claim correctly named Harmar as the responsible employer liable for any benefits to which Rostis might be entitled. Determining the responsible employer is the first step in the administrative processing of a black lung claim. The second step requires a deputy commissioner to make an initial finding of injury. *See* 20 C.F.R. §§ 725.-410, 725.412 (1990). After Old Republic determined that its insured, Harmar, was responsible for benefits that might be owed Rostis, Thompson filed an appearance before the Office of Workers' Compensation Programs (Compensation Office) as counsel for Harmar and Old Republic, asking that the Department "send copies of any and all future correspondence to the undersigned, including notices of any conferences or hearings." Appendix (App.) at 20.

Despite Thompson's entry of his appearance, Old Republic itself thereafter submitted a medical report to the Compensation Office stating that Rostis had neither lung disease nor a related disability. Presumably rejecting this report in favor of other evidence in Rostis's administrative file, the deputy commissioner assigned to the case sent a Notice of Initial Finding to Thompson advising Thompson that Rostis was entitled to benefits and instructing Thompson that if he did not respond by filing a controversion on an enclosed form within thirty days Harmar and Old Republic would be deemed to have accepted the finding. This notice was not sent to Harmar or Old Republic.[3] Following his receipt of the Notice, Thompson submitted additional medical evidence contravening Rostis's claim to the Compensation Office. However, the Department's prescribed controversion form was never filed.

When the claim was not controverted on the Department's prescribed controversion form within thirty days, the deputy commissioner awarded Rostis benefits in a default order entered on September 18, 1980. Nine days later, Thompson wrote to the deputy commissioner objecting to the default award on the ground that the Notice of Initial Finding was never sent to Harmar or Old Republic. The deputy commissioner ruled that the default judgment would stand. The Compensation Office then wrote to Rostis informing him of the benefits he would receive. This letter explained that the payments would come from the Black Lung Disability Trust Fund (Trust Fund) rather than from Harmar, because Harmar was still refusing to accept the deputy commissioner's decision, and that the Trust Fund would continue as the source of payment until the claim was finally decided.[4] *See* App. at 39. Under 33 U.S.C.A. § 919(c) (West 1986), the deputy commissioner's legal determination that the notice to Thompson was sufficient was subject to review by an ALJ and ultimately by the Board pursuant to 33 U.S.C.A. § 921(b)(3) (West 1986). *See also Lukman v. Director, OWCP*, 896 F.2d 1248, 1252 (10th Cir.1990) (right to review of deputy commissioner's decision by an ALJ has a regulatory basis under 20 C.F.R. § 725.421(a) (1990)).

Except for Thompson's submission of additional medical evidence to the deputy commissioner in March of 1981, the case lay dormant until May 3, 1984, when the

---

**3.** Harmar and Old Republic argue that all other relevant correspondence in the appendix indicates that the Notice of Initial Finding was the only correspondence that was sent to Thompson but not to Harmar or Old Republic. The appendix supports their argument. *See* App. at 10, 31, 35, 38, 39, 42, 43, 48, 50.

**4.** This arrangement is not without risk to a claimant such as Rostis. In the event a final decision were ever to go against him on the eligibility question, he would be liable for repayment of the benefits received unless their collection posed a severe hardship or was impossible. *See* 20 C.F.R. § 725.544 (1990). This makes even more regrettable the continuing confusion surrounding this case.

deputy commissioner referred it to the Office of Administrative Law Judges (ALJ's Office) for consideration of Harmar and Old Republic's claim that the notice to Thompson was insufficient. Under 20 C.F.R. § 725.421(a), the deputy commissioner's rulings on notice are subject to appeal to an ALJ. After the case was assigned to an ALJ for determination of the notice issue, Old Republic's Vice President for Claims submitted his affidavit stating that Old Republic filed all controversions through its in-house counsel and that it had failed to file a timely controversion in Rostis's case only because Old Republic itself never received any notice of the initial finding. Harmar and Old Republic were then given a hearing before an ALJ who determined that the service on Thompson, Old Republic's attorney, was legally sufficient. The ALJ seems to have treated the affidavit that Old Republic submitted as raising an additional question of whether there was good cause to vacate the default, an issue entrusted to the discretion of the deputy commissioner's office. *See Saylor v. Warner Coal Co.*, 7 Black Lung Rep. 1–761, 1–762 (Ben.Rev.Bd.1985), *rev'd on other grounds sub nom. Warner Coal Co. v. Director, OWCP*, 804 F.2d 346 (6th Cir. 1986). Accordingly, the ALJ remanded the case to the deputy commissioner to determine if good cause existed to excuse Harmar and Old Republic's failure to respond. The ALJ stated, in accord with Board precedent, that any appeal from the deputy commissioner's good cause ruling should be taken to the Board rather than the office of the ALJ. As the Board wrote in *Saylor:*

> The deputy commissioner's decision as to the existence of good cause is a purely discretionary action, properly first reviewed by the Board. *Cyktich v. C & K Coal Co.*, BRB Nos. 82–1004 BLA/A slip op. at 2 (Sept. 7, 1984).

*Id.*

On remand, the deputy commissioner, acting through a claims examiner, ruled that good cause did not exist, but ignored the statement in the ALJ's opinion that any appeal should go to the Board and, in conflict with *Saylor,* returned the case to the ALJ's Office.

Harmar and Old Republic then filed a timely Motion for Reconsideration with the deputy commissioner. On the same day, they also filed a Notice of Appeal with the Board. In the meantime, the ALJ's Office had routinely assigned Rostis's file to a second ALJ. This second ALJ appears to have confused Harmar and Old Republic's motion to reconsider with their notice of appeal. As a result, the ALJ disclaimed jurisdiction and, instead of returning the case to the deputy commissioner, forwarded the file to the Board where Harmar and Old Republic's appeal on the notice issue was pending.

When the Board eventually reached Old Republic's appeal, it ruled that the notice to Thompson was sufficient and that there was no error in the deputy commissioner's ruling that Old Republic had not shown good cause for its failure to respond. This timely petition for review followed.

At oral argument in this Court, the Board's ability to hear the case because of the timely motion for reconsideration pending before the deputy commissioner, a point only sparingly briefed, occupied much of the time. Thereafter, at Harmar and Old Republic's request, supplemental briefing on the jurisdictional issue was allowed. Those supplemental briefs having been filed, Harmar and Old Republic's petition for review is ready for decision.

### III.

■ The Supreme Court has instructed us that the preferred starting point in reviewing an administrative order is to satisfy ourselves that the agency whose order we are asked to review "had jurisdiction over the matter in dispute." *Cardillo v. Liberty Mut. Ins. Co.*, 330 U.S. 469, 473, 67 S.Ct. 801, 804, 91 L.Ed. 1028 (1947). In this instance, we must inquire whether the Board had the power to enter the order we are asked to review. Where, as here, the Board's exercise of jurisdiction is said to violate the language of a controlling procedural regulation, we exercise plenary review. *See Tideland Welding Serv. v. Sawyer*, 881 F.2d 157, 161 (5th Cir.1989) (citing

*Kephart v. Director, OWCP,* 701 F.2d 22 (3d Cir.1983)).

■ The Board's order denying Harmar and Old Republic relief from the default judgment, if it is let stand, exhausts their administrative remedies and requires them to pay all the benefits to which Rostis is entitled. *Cf. Saif Corp./Oregon Ship v. Johnson,* 908 F.2d 1434, 1440–41 & n. 3 (9th Cir.1990) (a final order of the Board indicates an exhaustion of administrative remedies). Thus, the Board's decision is a final administrative determination of Harmar and Old Republic's liability for the benefits due Rostis. Because we have jurisdiction over final determinations of the Board pursuant to 30 U.S.C.A. § 932(a), which incorporates into pneumoconiosis cases involving coal miners the review procedures of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 921(c), we have jurisdiction over Harmar and Old Republic's petition for review of the Board's decision. *Wensel v. Director, OWCP,* 888 F.2d 14, 16 (3d Cir.1989). If, however, the Board lacked jurisdiction to decide Harmar's appeal, its decision on the merits of the good cause issue that Harmar and Old Republic raised cannot stand, and we must vacate its decision.

The finality of the Board's decision distinguishes this case from *West Penn Power Co. v. EPA,* 860 F.2d 581 (3d Cir.1988). In *West Penn* this Court lacked appellate jurisdiction because the underlying order was not final. There the petitioners filed a motion for reconsideration with the EPA. That motion remained pending when the petition to this Court was filed. The pendency of the motion deprived us of jurisdiction because there was no final appealable order. *See id.* at 587–88. Here, the motion for reconsideration was filed in an administrative tribunal inferior to the Board before, not after, the board's decision. The finality of the Board's order is not affected by the motion for reconsideration pending before the deputy commissioner. The question in this case is not whether the

Board's order is final, but whether it should have acted at all.

### IV.

■ The Director claims that the Board had to dismiss the notice of appeal that the petitioners filed. Because the notice of appeal was filed simultaneously with a motion for reconsideration, the Director contends that the Board was without jurisdiction to hear the appeal.[5]

Harmar and Old Republic argue that the issue of timeliness was not raised before the Board and so is waived. They say that even "if the Court were to treat the Board's appellate rules as applicable and 'jurisdictional' in the sense of the Federal Rules [of Appellate Procedure], any objections based on those rules is waived." Petitioners' Post–Argument Brief at 10 n. 4. They claim that § 802.206(f) differs materially from present Federal Rule of Appellate Procedure 4(a)(4). Because of that difference, they argue that their notice of appeal to the Board is not wholly ineffective even though it was filed before the deputy commissioner disposed of their motion for reconsideration of the good cause issue. They point out that § 802.206(f), unlike Rule 4(a)(4), does not state a premature appeal is of "no effect" but only that it "shall be dismissed." Seizing on this difference, they go on to argue that § 802.206(f)'s requirement of a ruling by the deputy commissioner on the motion for reconsideration is subject to waiver and that it was waived here when the opposing parties did not raise it before proceeding before the Board on the merits of the good cause issue.

We believe any difference between the two rules is of no moment. Section 802.-206(f) is analogous to Rule 4(a)(4) and is itself a nonwaivable rule of jurisdiction. As does Rule 4(a)(4), § 802.206(f) deals with the requirement that an appeal be timely filed. In *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 315, 108 S.Ct. 2405, 2407, 101 L.Ed.2d 285 (1988) (brack-

---

5. The Director also argues that the three and one-half year delay between the entry of default and the appeal to the first ALJ was petitioners'

fault and made the default judgment unreviewable. The record does not support this contention.

ets in original), the Supreme Court wrote, quoting the Advisory Committee's Notes to Federal Rule of Appellate Procedure 3:

> "Because the timely filing of a notice of appeal is 'mandatory and jurisdictional,' *United States v. Robinson,* [361 U.S. 220, 224, 80 S.Ct. 282, 285, 4 L.Ed.2d 259 (1960)], compliance with the provisions of those rules is of the utmost importance." 28 U.S.C.App., p. 467.

This admonition by the Advisory Committee makes no distinction among the various requirements of Rule 3 and Rule 4; rather it treats the requirements of the two rules as a single jurisdictional threshold.

An appellate court, the Supreme Court continued, "may not waive the jurisdictional requirements of Rules 3 and 4...." *Id.* at 317, 108 S.Ct. at 2409. It is true that the Supreme Court, in the above-quoted portion of its *Torres* opinion, relied heavily on the Advisory Committee's statements as a guide to the interpretation of Rules 3(c) and 4. That guide is not present to point the way in interpreting § 802.206(f). Nevertheless, in *Kowaleski v. Director, OWCP,* 879 F.2d 1173, 1175–77 (3d Cir. 1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1114, 107 L.Ed.2d 1021 (1990), we discussed *Torres* and held that its principles were applicable to black lung cases under Federal Rule of Appellate Procedure 15. Accordingly, the *Torres* analogy is established in this Circuit and leads to our conclusion that § 802.206(f) is "mandatory and jurisdictional." The operation of § 802.206(f) may not be waived by the Director or the Board.

In the alternative, Harmar and Old Republic argue that the Board later obtained jurisdiction over the appeal when the ALJ transferred the case file to the Board because, at that point, all aspects of the case were before the Board. These arguments also fail.

On the facts of this case, 20 C.F.R. § 802.206(f) clearly calls for the dismissal of Old Republic and Harmar's appeal to the Board. We repeat the regulation's text:

> If a timely motion for reconsideration of a decision or order of an administrative law judge or deputy commissioner is filed, any appeal to the Board, whether filed prior to or subsequent to the filing of the timely motion for reconsideration, shall be dismissed without prejudice as premature. Following decision by the administrative law judge or deputy commissioner pursuant to either paragraph (d) or (e) of this section, a new appeal shall be filed with the Clerk of the Board by any party who wishes to appeal.

*Id.*

Our argument from the text is supported by the holdings of the two courts of appeals that have construed the language of § 802.206(f). In *Jones v. Illinois Cent. Gulf R.R.,* 846 F.2d 1099 (7th Cir.1988), the claimant filed a notice of appeal with the Board and later filed a timely motion for reconsideration with the ALJ.[6] After the ALJ denied the request for reconsideration, the Board denied her appeal as premature. *Id.* at 1100. Jones's appeal to the United States Court of Appeals for the Seventh Circuit concerned the validity of the regulation in conjunction with its effect on the thirty-day period in which a party is allowed to appeal the judgment of an ALJ to the Board in Black Lung Benefits Act proceedings under 33 U.S.C.A. § 921(a) (West 1986). She claimed that the Board's use of the regulation improperly shortened the time she had in which to appeal. After denying her challenge to the validity of the regulation, the court held:

> Because Mrs. Jones did not file a new notice of appeal with the [Board] following the ALJ's ... order denying her motion for reconsideration, that order became final and dispositive of her claim

**6.** *Jones* dealt with 20 C.F.R. § 802.205A(e), which has been recodified, without any change pertinent to this case, as § 802.206(f). The petitioners contend that *Jones* shows that the language "shall be dismissed" in § 802.206(f) replaced the language "shall be denied" in § 802.205A(e). However, a review of the 1986 version of § 802.205A(e), the one at issue in *Jones,* reveals that it too contained the language "shall be dismissed." 20 C.F.R. § 802.205A(e) (1986). Thus, it appears that the court in *Jones* misquoted § 802.205A(e), and the language at issue here does not differ from that at issue in *Jones.*

thirty days after it was filed in the office of the deputy commissioner. *Jones,* 846 F.2d at 1103. The fact that Jones's appeal was from a decision of an ALJ rather than a deputy commissioner is not material nor is the fact that in *Jones* the Board recognized that it did not have the power to hear the case, while it failed to recognize its lack of power here.[7]

The Fifth Circuit also has considered the language of § 802.206(f). In *Tideland Welding,* 881 F.2d 157,[8] Liberty Mutual, Tideland's insurer, filed a motion with the Board to stay an ALJ's award of benefits to Sawyer. Sawyer, unhappy with the amount of his award, then filed a motion for reconsideration while Liberty Mutual's motion for a stay was pending. *Id.* at 159. With Liberty Mutual's motion pending before the Board, Sawyer next filed a motion with the ALJ for leave to withdraw his request for reconsideration. Before the ALJ granted that motion, Sawyer filed a notice of appeal with the Board. *Id.* The Board dismissed Sawyer's appeal because it was filed while a motion for reconsideration was still pending before the ALJ. However, the Board then inconsistently decided to treat Liberty Mutual's motion for a stay as an appeal even though the timely motion for reconsideration that Sawyer had filed with the ALJ should have divested the Board's jurisdiction over Liberty Mutuals' appeal as well. The Fifth Circuit vacated the decision of the Board on Liberty Mutual's appeal because it "adhered to its own regulations when it dismissed [Sawyer's appeal] ...; yet, the Board deviated from these same regulations when it found Liberty Mutual's notice of appeal timely." *Id.* at 161. The statement in *Tideland Welding* that this was a question of adherence to the regulations further suggests that the requirement contained in § 802.206(f) cannot be waived.

Under the plain language of § 802.206(f), the reasoning of the Fifth and Seventh Circuits is persuasive.

Still, we will consider a final argument made by Harmar and Old Republic. They suggest that they filed the notice of appeal and the motion for reconsideration simultaneously because it was then unclear whether the good cause determination should be appealed directly to the Board, in accord with Board precedent, or to an ALJ.[9] This confusion, they say, is a basis for avoiding strict application of § 802.206(f).

It is true that at the time petitioners filed their motion for reconsideration and their notice of appeal, Board precedent required appeals from discretionary rulings of a deputy commissioner, such as the good cause ruling he made in this case, to go directly to the Board rather than to an ALJ. *See Saylor v. Warner Coal Co.,* 12 Black Lung Rep. 1–205, 1–206 (Ben.Rev.Bd.1988) (discussing *Saylor v. Warner Coal Co.,* 7 Black Lung Rep. 1–761 (Ben.Rev.Bd.1985), *rev'd sub nom. Warner Coal Co. v. Director, OWCP,* 804 F.2d 346 (6th Cir.1986)), *rev'd sub nom. Pyro Mining Co. v. Slaton,* 879 F.2d 187 (6th Cir.1989). Since then, the United States Courts of Appeals for the Sixth and Tenth Circuits have flatly reject-

---

7. The statement in *Jones* concerning the finality of the ALJ's order denying Mrs. Jones's motion for reconsideration arises in a somewhat different context than that of Harmar and Old Republic's failure to appeal the murky order of the second ALJ, who forwarded the case to the Board. Under the regulations, their motion for reconsideration should have been decided by the deputy commissioner. Accordingly, we express no opinion on the effect of the second ALJ's order on Harmar and Old Republic's right to have the good cause issue reconsidered by the deputy commissioner or the Board at this stage of the proceedings. We do suggest that further procedural confusion and delay might be avoided if the deputy commissioner were to act promptly on the motion for reconsideration of the good cause issue, an issue on which Board

review is limited to abuse of discretion. *Saylor v. Warner Coal Co.,* 7 BLR 1–761 (1985), *rev'd on other grounds sub nom. Warner Coal Co. v. Director, OWCP,* 804 F.2d 346 (6th Cir.1986).

8. This case also involved § 802.205A(e), the predecessor to § 802.206(f). *See supra* note 6.

9. If this truly was the basis of their confusion, we would have expected Harmar and Old Republic to have appealed the deputy commissioner's determination of the good cause issue to both the ALJ and the Board. We note that instead, Harmar and Old Republic appealed the deputy commissioner's determination of the good cause issue to the Board and asked the deputy commissioner to reconsider her determination.

ed the Board's "direct appeal" procedure, holding instead that such discretionary findings can and should be heard by an ALJ before they are appealed to the Board. *See Lukman,* 896 F.2d at 1252 (claims may not be appealed directly from deputy commissioner to Board and an ALJ may review all of a deputy commissioner's findings); *Pyro Mining Co.,* 879 F.2d at 190 (adequacy of notice to be reviewed by ALJ). However, any confusion concerning the Board's direct appeal doctrine does not affect the application of § 802.206(f) to this case. Under that section, the petitioners could not file an effective notice of appeal to the Board while their reconsideration motion was pending, without regard to the validity or status of the Board's holding in *Saylor.*

The Board has no discretion when this situation arises. Section 802.206(f) plainly says that in cases like this, the notice of appeal "shall be dismissed." It is unambiguous. The question of whether the Board or the Sixth and Tenth Circuits are correct does not affect this case. Under § 802.206(f), the Board lacked jurisdiction over Harmar and Old Republic's premature appeal.[10] Therefore, its decision must be vacated.

## V.

The pendency of the motion to reconsider required the Board to dismiss the notice of appeal. Inasmuch as the appeal was not properly before the Board, we will vacate the Board's decision without reaching the substantive issues that Harmar and Old Republic ask us to decide.

---

**10.** We note that the Board itself has power to reevaluate its position on this issue in light of the need for a nationally uniform procedure under the Black Lung Benefits Act.