

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-30-1995

# Natl Mines v Carroll

Precedential or Non-Precedential:

Docket 94-3711

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Natl Mines v Carroll" (1995). *1995 Decisions.* Paper 237.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/237

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 94-3711


IN THE MATTER OF:
NATIONAL MINES CORPORATION;
and
OLD REPUBLIC INSURANCE COMPANY,

Petitioners

v.

MARTHA CARROLL, Widow of Andrew J. Carroll;
and
DIRECTOR, OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES DEPARTMENT OF LABOR,

Respondents


On Petition for Review of a Decision
and Order of the Benefits Review Board
(BRB No. 93-0887 BLAO;
OWCP No. 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)


Submitted under Third Circuit LAR 34.1(a)
August 21, 1995

BEFORE:  GREENBERG, COWEN, and SAROKIN, Circuit Judges

(Filed: August 30, 1995)


George H. Thompson
Thompson, Calkins & Sutter
1412 Frick Building
Pittsburgh, Pa. 15219

Attorneys for Petitioners

Thomas S. Williamson, Jr.
Solicitor of Labor
Donald S. Shire
Associate Solicitor
Helen H. Cox

Christian P. Barber
United States Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

Attorneys for Respondent
Director Office of
Workers' Compensation
Programs

OPINION OF THE COURT

GREENBERG, Circuit Judge.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter is before us on a petition for review of a decision and order of the Benefits Review Board of the United States Department of Labor dated October 26, 1994, affirming an award of benefits on a miner's and survivor's claim filed pursuant to the provisions of the Black Lung Benefits Act, as amended, 30 U.S.C. § 901 et seq. (the "Act").

This case originated when the miner, Andrew J. Carroll, filed a claim for benefits on June 7, 1978. The Department of Labor (the "DOL") issued a Notice of Initial Finding on June 25, 1979, indicating that it had determined preliminarily that Carroll had become totally disabled as of June 7, 1978, and identifying National Mines Corporation as the operator potentially liable for benefits to be paid from June 1, 1978. See 20 C.F.R. §§ 725.413, 725.412. The DOL required National Mines

2

to file a controversion to the determination within 30 days or be deemed to have accepted the initial finding of entitlement and to have waived its right to contest the claim, absent good cause shown.  See 20 C.F.R. § 725.413.  The notice was sent to National Mines on June 27, 1979, but not to its insurance carrier, Old Republic Insurance Company.  On September 30, 1980, the DOL issued an Award of Benefits addressed to Old Republic which, in light of National Mines' failure to respond to the June 25, 1979 order, was essentially a default judgment.  However, neither National Mines nor Old Republic initiated payment and thus the Black Lung Disability Trust Fund made the payments on their behalf from June 1978 to February 1981.[0]

On March 25, 1981, counsel entered an appearance on behalf of National Mines and Old Republic who together are the petitioners.  By letter dated July 10, 1981, petitioners' counsel informed DOL that Old Republic intended to controvert Carroll's claim.  Old Republic stated that it elected to have Carroll examined by a physician on September 3, 1981, and requested that the record stay open on the ground that this was the earliest available appointment.  On September 25, 1981, and June 16, 1983, Old Republic submitted the results of its medical testing.  The matter then languished.

---

[0]The fund paid Carroll $12,908.84.  It ceased payments to Carroll after he was awarded Pennsylvania workers' compensation benefits as the result of his pneumoconiosis.  See 30 U.S.C. §932(g); 20 C.F.R. § 725.533(a)(1).  Moreover, because Carroll's widow was awarded state benefits as a result of Carroll's pneumoconiosis, the Fund has not paid her interim benefits.  Id.

3

By letter dated September 24, 1986, a supervisor at Old Republic wrote to the DOL claims examiner inquiring into the status of Carroll's claim. The letter referred to an August 12, 1986 telephone conversation in which "it was determined that the initial finding issued by the Department of Labor [in] June, 1979 was not controverted by either Old Republic Insurance Company or [its] attorney." The supervisor stated that the DOL claims examiner had indicated in that conversation that she "would review the file and issue an amended notice." However, the supervisor stated that no amended order or notice had been received. The supervisor sent similar letters of inquiry on July 6, 1987, and June 1, 1989.[0]

On August 14, 1989, pursuant to 20 C.F.R. §§ 725.310 and 725.480, the DOL entered an order directing Carroll to show cause within 30 days why Old Republic should not be given the opportunity to controvert the claim.[0] The order stated as a finding of fact that "[a]n initial finding of entitlement to benefits was made on June 25, 1979; the responsible operator's insurance company was not notified of that finding and,

---

[0]On June 3, 1989, Carroll died. Martha E. Carroll, his widow, filed a survivor's claim on February 16, 1990, and her claim proceeded independently. The DOL initially denied the claim but notified National Mines of its potential liability for survivor's benefits. National Mines controverted the claim and submitted additional evidence. After her claim was denied again, the widow requested a hearing before an administrative law judge and her claim was consolidated with Carroll's claim for a hearing. Her claim, however, may be moot because she was awarded derivative survivor's benefits under her husband's claim. See 30 U.S.C. §932(1).

[0] There is no explanation in the record for the approximate three-year time span between the 1986 correspondence and the 1989 Order to Show Cause.

4

therefore, did not have the opportunity to controvert the claim." Because Carroll did not respond, the DOL gave Old Republic 30 days to controvert the claim. On October 3, 1989, Old Republic filed an "Operator Controversion Form" on behalf of itself and National Mines. In its supplemental response, petitioners argued, inter alia, that the DOL was precluded by the statute of limitations set forth in 20 C.F.R. § 725.603(c)(6) from collecting benefit reimbursements from both National Mines and Old Republic because the DOL had failed to bring an enforcement action within six years of the date upon which there had been a final determination of liability, September 30, 1980.

By letter dated November 16, 1989, the DOL informed petitioners that because it had accepted the controversion, the DOL intended to rescind the Decision and Order of September 30, 1980, which had been based upon National Mines' failure to controvert the initial findings. Old Republic objected to the rescission. In response, the DOL stated that it would not rescind the Decision and Order of September 30, 1980, and that the issue would be addressed at an informal conference.

After an informal conference, a DOL deputy commissioner recommended that the September 30, 1980 decision and order be rescinded. The deputy commissioner also stated that "[t]he Controversions filed by [petitioners] on October 3, 1989 and October 17, 1989 are herewith accepted as timely." The case was referred subsequently to the Office of the Administrative Law Judges for consideration of several contested issues, including the questions of whether the September 30, 1980 Decision and

5

Order should be considered final and whether the six-year statute of limitations set forth in 20 C.F.R. § 725.603(c)(6) precludes imposition of liability on National Mines and/or Old Republic for any benefits awarded in this case.

On October 22, 1991, a formal hearing was held. On December 14, 1992, the administrative law judge ("ALJ") issued a Decision and Order – Awarding Benefits. The ALJ determined, as a preliminary matter, that the rescission of the September 30, 1980 order was proper and equitable. The ALJ concluded that the claim had been reopened on petitioners' own initiative. In support of his conclusion that National Mines and Old Republic "were aware of [Carroll's] claim and [had] attempted to file a controversion well before the expiration of the six-year statute of limitations," the ALJ cited the petitioners' counsel's appearance on March 25, 1981, and the subsequent letter, dated July 10, 1981, which stated that petitioners were controverting the claim and electing to have Carroll examined by a physician.[0] The ALJ concluded that a final determination regarding Carroll's eligibility had not been reached yet, thereby precluding the applicability of the six-year statute of limitations.

The ALJ also determined that the medical evidence showed that Carroll was totally disabled due to pneumoconiosis and that, as a result, his widow was entitled to benefits on his behalf as well as survivor's benefits under 20 C.F.R. § 725.212.

---

[0] The ALJ also referred to a letter dated April 2, 1981, in which Petitioners "stated it had received a copy of the September 30, 1980 letter from the carrier, and had requested a complete file for review." We do not find this document in the appendix.

6

The ALJ determined that Carroll was entitled to benefits commencing June 1, 1978, and that the widow was entitled to derivative benefits commencing on June 1, 1989. Consequently, National Mines was ordered to pay benefits under the Act to Carroll with derivative benefits to his widow and to reimburse the Trust for payments previously made.

National Mines and Old Republic appealed the Decision and Order to the Benefits Review Board, specifically challenging the ALJ's findings regarding the applicability of the statute of limitations set forth in 20 C.F.R. § 725.603(c)(6) and the commencement of benefits date. On October 26, 1994, the Board issued a Decision and Order affirming the ALJ's award of benefits. On December 23, 1994, National Mines and Old Republic filed a petition for review to this court challenging the Board's affirmance of the ALJ's decision to rescind the September 30, 1980 Award of Benefits.[0]

We have jurisdiction over the petition for review pursuant to 33 U.S.C. § 921(c), as incorporated by the Act, 30 U.S.C. § 932(a). We review decisions of the Board "for errors of law and to assure that it has adhered to its own standard of review." BethEnergy Mines, Inc. v. Director, OWCP, 39 F.3d 458, 462-63 (3d Cir. 1994) (citing Director, OWCP v. Barnes & Tucker Co., 969 F.2d 1524, 1526-27 (3d Cir. 1992)). "[T]he Board must accept an ALJ's findings of fact if they are supported by substantial evidence in the record considered as a whole." Id.

---

[0] Mrs. Carroll is not participating in the appeal.

at 463.  We exercise plenary review over the Board's legal determinations.  Id.

## II. DISCUSSION

Petitioners do not challenge the award of benefits on the merits.  Rather, they argue that the DOL was without authority to rescind its September 30, 1980 Award of Benefits and thereby reopen the claim.  Petitioners allege that the DOL, after nine years of inactivity, realized in 1989 that no action had been taken within the six-year statute of limitations period set forth in 20 C.F.R. § 725.603(c)(6) to enforce the lien against them.  Petitioners assert that the DOL, to reinstate its enforcement rights, reopened the case without authority to restart the running of the six-year statute of limitations and legitimize a future enforcement action.

In the first place, petitioners' reliance on section 725.603(c)(6) is misplaced.  Under that section, a lien for the amount paid out by the Fund due to an employer's failure to pay benefits arises in favor of the United States against the employer's property when liability for those benefits finally is determined.  30 U.S.C. § 934(b)(2); 20 C.F.R. § 725.603(b).  Section 725.603(c)(6) provides that the Secretary of Labor may enforce the lien in a district court where "the proceeding is commenced within 6 years after the date upon which liability is finally determined."

However, the statute of limitations cited refers only to the enforcement proceedings described in section 725.603,

8

which must brought in the district court. Thus, the statute of limitations on which petitioners rely is not applicable in the administrative proceedings we review, as those proceedings were aimed not at enforcing a lien but at determining liability. In short, because the petition before us has been filed to review an administrative determination and not to review a judgment in a district court enforcement action, the question of whether section 725.603(c)(6) acts to bar the enforcement of liens against petitioners is not before us. Because petitioners have not directed our attention to any applicable statute of limitations, there is no basis for us to vacate the Board's decision on statute of limitations grounds.

Nonetheless, implicit in petitioner's brief is an argument that the DOL lacked authority to reopen Carroll's claim after 30 days from the September 30, 1980 Award of Benefits. Petitioners argue that the September 30, 1980 Award of Benefits became final because neither National Mines nor Old Republic filed a timely controversion challenging the award within the 30-day period allowed by 20 C.F.R. § 725.419(a). Section 725.419(d) provides that:

> If no response to a proposed decision and order is sent to the deputy commissioner within the period described in paragraph (a) of this section...the proposed decision and order shall become a final decision and order, which is effective upon the expiration of the applicable 30-day period. Once a proposed decision and order...becomes final and effective, all rights to further proceedings with respect to the claim shall be considered waived, except as provided in §725.310.

9

Petitioners assert that Old Republic's letter of controversion filed in July 1981 and its submission of medical evidence in September 1981 and June 1983 had no effect on the finality of the September 30, 1980 Award of Benefits because their failure to file a controversion within the 30-day period set forth in 20 C.F.R. § 725.419(a) deprived them of standing to submit any further challenge.  In support of this interpretation of events, they note that the DOL did not accept explicitly as timely filed either the letter of controversion or any of the medical evidence submitted in 1981 and 1983.

However, section 725.419(d) clearly contradicts petitioners' contention that the failure to file a timely controversion left them without an avenue for further review of the award.  Significantly, section 725.419(d) provides that "all rights to further proceedings shall be considered waived, except as provided in § 725.310." (Emphasis added.)  Section 725.310 provides that:

> Upon his or her own initiative, or upon the request of any party upon the grounds of a change in conditions or because of a mistake in a determination of a fact, the deputy commissioner may, at any time before one year from the date of the last payment of benefits...reconsider the terms of an award of denial of benefits.

Upon timely request, the deputy commissioner may "issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation, or award compensation."

10

33 U.S.C. § 922.[0]  The deputy commissioner may make such modification to "render justice under the act."  O'Keeffe v. Aerojet Shipyards, Inc., 404 U.S. 254, 255, 92 S.Ct. 405, 407 (1971).[0]

The DOL submits that Old Republic's letter of controversion filed in July 1981 and its later submission of medical evidence were sufficient to constitute a timely request for modification.  The DOL's assertion that the informal procedures employed in black lung and longshore cases never have required the submission of a formal request for modification is supported by case law.  See, e.g., Eifler v. OWCP, 926 F.2d 663, 667 (7th Cir. 1991).  Moreover, the July 1981 letter was timely because it was filed within one year of the last payment of

_____

[0] Section 725.310 implements section 22 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 922, as incorporated by 30 U.S.C. § 932(a).

[0] Petitioners argue that the filing of a timely controversion is a prerequisite to a request for modification.  They submit that "[t]o conclude otherwise would mean that employers could challenge an award of benefits at any time by this or like means without the need for ever filing formal controversion papers." Br. at 16.  However, this interpretation is at odds with the plain language of section 725.419(d).  Section (d) clearly sets out 20 C.F.R. § 725.310 as an exception to the waiver occasioned by a failure to file a timely controversion.

Moreover, our holding does not provide an incentive for employers to ignore the 30 day requirement of 20 C.F.R. §725.419(a), because the exercise of section 725.310 authority is, to some extent, discretionary.  There really is no qualitative difference between these provisions and the Federal Rules of Civil Procedure, which ordinarily require defendants to file an answer to the complaint within 20 days, see Fed. R. Civ. P. 12(a)(1)(A), yet allow default judgment debtors to move for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

11

benefits to Carroll by the Black Lung Disability Trust Fund in February 1981.

The DOL reasonably could infer from petitioners' submission of medical evidence that they sought modification on the ground of a factual mistake regarding the existence or extent of Carroll's disability. See Banks v. Chicago Grain Trimmers Ass'n, 390 U.S. 459, 464-65, 88 S.Ct. 1140, 1144 (1967); O'Keeffe, 404 U.S. at 254-56, 92 S.Ct. at 406-07 (holding that the authority to re-open is not limited to any particular type of facts; the Board may review the very existence of a liability as well as its extent). See also Metropolitan Stevedore Co. v. Rambo, 115 S.Ct. 2144, 2147 (1995).

Moreover, petitioners' letters of inquiry dated September 24, 1986, July 6, 1987, and June 1, 1989, which assert that Old Republic did not receive service of the Notice of Initial Finding, provided an additional ground for modification if viewed in conjunction with their earlier letter of controversion. Two courts of appeal have held that under the Black Lung Act and regulations the operator's insurance carrier is subject to liability in black lung benefits proceedings and, therefore, is entitled to notice as a party to the litigation. Tazco, Inc. v. Director, OWCP, 895 F.2d 949, 950 (4th Cir. 1990)[0]; Warner Coal Co. v. Director, OWCP, 804 F.2d 346, 347 (6th Cir. 1989). The Warner Coal court noted that the Act and

---

[0] The Tazco court explicitly rejected the theory that notice provided to the coal mine operator constitutionally may be "imputed" to the carrier. Tazco, 895 F.2d at 951.

12

regulations do not contemplate limiting the carrier's exposure to indemnifying an operator found liable for payments of benefits.[0] Warner Coal, 804 F.2d at 347. Instead, because the carrier is subject to liability on the claim, due process requires that it be given adequate notice and an opportunity to defend on the question of its direct liability to the claimant. Id. See also Tazco, 895 F.2d at 953 (holding that failure to notify the carrier required vacation of default award and requiring DOL to provide insurance carrier and the operator with an opportunity to contest the merits of the claim). Consequently, the DOL's rescission in this case of its September 30, 1980 Award and offer of a new hearing are in accord with the Tazco court's approach. That being the case, the DOL generally is entitled to use the modification procedures set out in 33 U.S.C. § 922 to remedy a failure to notify the appropriate insurance carrier. See Claudill Constr. Co. v. Abner, 878 F.2d 179, 181 (6th Cir. 1989).

Petitioners attempt to avoid these principles by alleging that the statement in the various letters of inquiry that Old Republic had not received the Notice of the Initial Finding is erroneous. Petitioners reason that their action to controvert the determination of liability in 1981 shows that Old

---

[0] As the Tazco court explained, "[o]nce a carrier has reported the issuance of a policy, as mandated by the regulations, the insurer is fully liable for the obligations of the operator.... The carrier is required to discharge the statutory and regulatory duties imposed on the employer, thus stepping into his shoes....Moreover, unlike an indemnification policy, the Black Lung Benefits scheme contemplates that the insurer, as a party, may be liable in the original claims proceeding." Tazco, 895 F.2d at 951-52 (citations omitted).

Republic had notice of Carroll's claim approximately five years before the first letter of inquiry was written. Petitioners fail to acknowledge that the significance of DOL's failure to provide Old Republic with service is that Old Republic thereby was deprived of the opportunity to file a timely challenge to the DOL's initial findings and receive a hearing at which it could contest them. Old Republic's subsequent awareness of the liability determination does not remedy the DOL's failure to serve it because Old Republic was left without an opportunity to contest the initial liability determination. Consequently, because the allegation that Old Republic had not been served properly raises the possibility of a violation of its due process rights, the DOL reasonably could treat Old Republic's submissions as a request for time to file a timely controversion.

In sum, we conclude that 33 U.S.C. § 922 authorizes the DOL to reopen an otherwise final award to "render justice under the act." O'Keeffe, 404 U.S. at 255, 92 S.Ct. at 407. Of course, there was an inexplicable lengthy delay in these proceedings between the time of petitioners' request for modification and the DOL's action, and petitioners spend much time in their brief arguing that the delay was improper and therefore the subsequent modification procedures failed to toll the statute of limitations. But the reasons for that delay are not before us.[0] We rule only that the statute of limitations

---

[0] The DOL certainly can be faulted for failing to respond to petitioners' inquiries in a timely manner. The DOL offers no explanation for its failure to take any action on this claim between its September 30, 1980 Award of Benefits and its

14

relied on by petitioners is inapplicable to these proceedings, that the DOL had the authority to construe petitioners' letters as requests for modification proceedings, and that the reasons stated in those letters provided legitimate substantive bases for rescinding an otherwise final award.  Nonetheless, as the DOL points out in its brief, "as a general rule, the mere existence of modification proceedings does not affect the finality of an existing award of compensation."  Br. at 24.  Thus, it acknowledges that "the Department cannot initiate modification simply to obtain a new date for the commencement of the six-year statute of limitations."  Id.  Whether the modification procedure tolled the statute of limitations will be a question before a district court in an enforcement proceeding, if one is brought, and we do not rule on it.

### III. CONCLUSION

For the foregoing reasons, we will deny the petition for review.

---

August 14, 1989 Order to Show Cause, despite petitioner's controversion letter.

15