**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

NEWPORT NEWS SHIPBUILDING AND
DRY DOCK COMPANY,
                        *Petitioner,*

            v.

ARTHUR L. VINSON; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION
PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR,
                        *Respondents.*

No. 01-2300

On Petition for Review of an Order of the
Benefits Review Board.
(No. 00-1204)

Submitted: May 20, 2002

Decided: June 20, 2002

Before NIEMEYER, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Jonathan H. Walker, MASON, COWARDIN & MASON, P.C., New-
port News, Virginia, for Petitioner. Chanda W. Stepney, RUTTER,
WALSH, MILLS, & RUTTER, L.L.P., Norfolk, Virginia, for
Respondents.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Newport News Shipbuilding & Dry Dock Co. petitions this Court for review of the Benefit Review Board's ("BRB") order affirming an award of temporary total disability to Arthur Vinson under the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C.A. §§ 901-950 (West 2001) ("LHWCA"). Newport News raises several errors related to the determination that Vinson was entitled to disability benefits for the period during which he returned to his employ as a welder despite his injury. We affirm.

This Court will reverse an order of the BRB only if the award is predicated on an error of law or a factual determination supported by only a scintilla of evidence. *See Gilchrist v. Newport News Shipbuilding & Dry Dock Co.*, 135 F.3d 915, 918 (4th Cir. 1998); *See v. Washington Metropolitan Area Transit Authority*, 36 F.3d 375, 380 (4th Cir. 1994). Newport News challenges both the legal ground for Vinson's award and the evidentiary basis supporting it. We find both of these assignments of error to be meritless.

The BRB properly found Vinson's return to work after his injury did not preclude a disability award as a matter of law. This Court has noted the statutory standard for disability "turns on the claimant's *capacity* for work, not actual employment." *See Newport News Shipbuilding & Dry Dock Co. v. Tann*, 841 F.2d 540, 543 (4th Cir. 1988) (emphasis in original). Accordingly, if a claimant continues employment after an injury only through "extraordinary effort to keep working" and despite the attendant "excruciating pain" and substantial risk of further injury, he may nevertheless qualify for a disability award. *Haughton Elevator Co. v. Lewis*, 572 F.2d 447, 451 (1978) (Winter, J., concurring). Because a disability award under the LHWCA is predicated on an employee's diminished capacity for work due to injury rather than actual wage-loss, we find this objection to be meritless.

Nor was there an insufficient evidentiary basis to support the application of *Haughton Elevator* to Vinson's situation. The BRB and the administrative law judge ("ALJ") noted Vinson's subjective assessment of the pain he endured while working after his injury was supported by medical reports. Additionally, Newport News presented no evidence to refute Vinson's allegations of pain. Furthermore, the ALJ and the BRB identified and reconciled the dispute in the record as to whether Vinson's responsibilities during his post-injury return to work required efforts outside his medical restrictions, which included limited use of stairs. Testimony at Vinson's hearing indicated he was obliged to use stairs more than minimally while at work, and his supervisor acknowledged Vinson could not perform his regular duties as a welder under those restrictions. Accordingly, we find there was a sufficient evidentiary basis to support Vinson's disability award during the period in question in accordance with *Haughton Elevator*.

In light of the foregoing, we affirm Vinson's award.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*

---

*Newport News has waived review of the ALJ's award of disability benefits covering the period during which Vinson honored his union's labor strike. By failing to challenge this portion of Vinson's award before the BRB, Newport News has waived further review of this issue. *See Parker v. Motor Boat Sales*, 314 U.S. 244, 250-51 (1941); *Aetna Cas. & Sur. Co. v. Director, Office of Worker's Compensation Programs*, 97 F.3d 815, 819 (5th Cir. 1996); *General Dynamics Corp. v. Sacchetti*, 681 F.2d 37, 40 (1st Cir. 1982). Furthermore, Newport News' contention that it did challenge this portion of Vinson's award before the BRB but that the BRB failed to consider it is not properly before this Court, as it was raised for the first time in its reply brief. *See Cavallo v. Star Enter.*, 100 F.3d 1150, 1152 n. 2 (4th Cir. 1996).